JOHN W. McKIM, Judge of Probate, *vs.* JOHN J. WILLIAMS.

Suffolk. Nov. 16, 1882. — Jan. 9, 1883. W. ALLEN & HOLMES, JJ., absent.

The failure to bring an action, within the time prescribed by the statute of limitations, for breaches of a bond given by the guardian of an insane person, in not returning an inventory within three months, and in not rendering an account within one year of his appointment, does not discharge the sureties on the bond from liability for a subsequent breach by the principal, in not paying upon demand to his successor, after removal from office, the estate remaining in his hands as guardian.

CONTRACT, on the Gen. Sts. *c.* 101, § 32, against the sole legatee under the will of P. F. Lyndon, a surety on the bond of James D. Judge, as guardian of Joseph O'Rourke, an insane person, for whose benefit the action is brought, for breach of one of the conditions of said bond. Writ dated June 11, 1881. The case was submitted to this court on agreed facts, which appear in the opinion. If the action could be maintained, judgment was to be entered for the plaintiff in the sum of $2661.59, and interest from March 8, 1880; otherwise, judgment for the defendant.

*S. W. Trowbridge & J. M. Tuohay*, for the plaintiff.
*T. J. Gargan & W. Adams*, for the defendant.

MORTON, C. J. In December 1872, James D. Judge was duly appointed guardian of one O'Rourke, an insane person, and

gave a bond signed by P. F. Lyndon as one of the sureties. Judge failed to return an inventory within three months, and also failed to render an account within one year of his appointment, as required by the bond. In May 1880, Judge was removed from his office and trust as guardian, and John M. Donovan was appointed his successor. Judge neglected and refused to pay to Donovan, upon demand, the estate and effects remaining in his hands as guardian; and for this breach of the bond this action is brought. Lyndon died in April 1878, leaving a will, in which the defendant was named as executor and sole legatee.

It is admitted that the defendant is liable in this action, unless the estate of Lyndon was discharged from liability on the bond by the failure of the plaintiff to commence a suit or suits for the first two breaches of the bond by Judge, in not returning an inventory and filing an account. We know of no principle on which it can be held that the failure to commence suits for these breaches discharged the sureties from their liability for subsequent breaches. The bond is a continuing security, and each successive failure to comply with the conditions was a new breach, and created a new and independent cause of action. Though the first breaches may be barred by the statute of limitations, the new breach furnishes a new cause of action, which may be sued at any time within the period of limitation after it accrued. *Austin* v. *Moore*, 7 Met. 116. *Prescott* v. *Read*, 8 Cush. 365. That Judge was not called to account, and was not removed at an earlier day, cannot be regarded as laches on the part of the plaintiff, but is a not improbable incident to the nature of the contract which the sureties entered into. *Chapin* v. *Livermore*, 13 Gray, 561. It follows that the defendant is liable in this action. Judgment must be entered for the plaintiff, and execution awarded for the amount agreed upon by the parties.          *Judgment for the plaintiff.*