HOME MUTUAL INSURANCE COMPANY v. TOMKIES & COMPANY.

No. 1157. Decided January 15, 1903.

**1.—Insurance—Avoidance—Change of Ownership.**

An insurance policy conditioned to become void if any change take place in the interest or title of assured, is not avoided by an executory contract to convey the property in the future. (P. 191.)

**2.—Insurance—Avoidance—Fall of Part of Building.**

An insurance policy on machinery in a mill building was to become void if any part of the building should fall, except as a result of fire. A cupola, containing a part of the machinery and mentioned in the description of the building in the policy, was blown down in a storm which involved damages to the extent of only $200 to a structure worth $5000. Held, that the cupola should be considered a part of the building, within the meaning of the policy, since the parties had so treated it in their contract, and that the policy was avoided by its fall. (Pp. 191-193.)

**3.—Same.**

It seems that some material, and not merely trivial part of the building, must have fallen, to avoid such a policy, but not necessarily such part as to destroy the distinctive character of the structure. (P. 192.)

Certificate of dissent from the Court of Civil Appeals for the First District, in an appeal from Harris County.

Tomkies & Company sued the insurance company, and had judgment, from which defendant appealed.

*Alexander & Thompson,* for appellant.—The intention of the parties to a written contract must be ascertained from the language of the contract itself where this is possible; and each word in the contract must be construed and given effect in arriving at this intent. Menard v. Sydnor, 29 Texas, 261; Heirs of Watsons v. McKie, 54 Texas, 71, and authorities cited; Darnell v. Lyon, 85 Texas, 455; Weidert v. Insurance Co., 24 Pac. Rep., 242; Westchester v. Weaver, 17 Atl. Rep., 401; Universal Insurance Co. v. Decore, 14 S. E. Rep., 532; May on Insurance, 172, 172a.

Courts will not make contracts for parties, but will only interpret and enforce contracts as made by them; nor will courts extend the liability of insurance companies beyond what is clearly written in the contract. First Nat. Bank v. Lancashire Insurance Co., 62 Texas, 464; Miller v. British America Assurance Co., 91 Texas, 419; Life Insurance Co. v. Wilkes, 92 Texas, 471; Insurance Co. v. Long, 51 Texas, 89; Imperial v. Coos Co., 151 U. S., 452-463.

Where the distinctive character of the building is destroyed, the loss is total and not partial. Hamburg v. Garlington, 66 Texas, 103, and authorities cited; Commercial v. Meyer, 9 Texas Civ. App., 7; Continental v. McCulloch, 15 Texas Civ. App., 190.

This stipulation in the policy, "if the building or any part thereof fall except as the result of fire, the policy shall cease," is a reasonable limitation and is enforced by the courts. Pelican Insurance Co. v. Co-

operative Assn., 77 Texas, 225; Insurance Co. v. Tweed, 7 Wall., 50; Briggs v. Insurance Co., 53 N. Y., 446; Nicholls v. Sun Mutual Insurnce Co., 14 So. Rep., 263; Kiesel v. Sun, 31 C. C. A., 515; Huck v. Globe Insurance Co., 127 Mass., 306; Brenner v. Insurance Co., 6 Ins. L. J., 475; Fireman's Fund v. Congregation, 80 Ill., 558; Leonard v. Insurance Co., 109 Fed. Rep., 286; Western Assn. v. Mohlman Co., 83 Fed. Rep., 811.

Where the evidence upon an issue is without conflict, it is the duty of the court to charge the jury the legal effect of the uncontradicted facts. It is the duty of the court to charge the jury the legal effect of unambiguous written contracts. Uncontradicted facts: Western Assn. Co. v. Kemendo, 94 Texas, 367; Beville v. Merchants Insurance Co., 46 S. W. Rep., 914; Capp v. Terry, 75 Texas, 391; Montgomery v. Carlton, 56 Texas, 361; Stringfellow v. Montgomery, 57 Texas, 349. Written contracts: Soell v. Hadden, 85 Texas, 187; Ivey v. Williams, 78 Texas, 687; Roberts v. Sun, 19 Texas Civ. App., 338.

Where the policy provides "This entire policy shall be void if any change take place in the interest or title of the insured property," and a contract of sale of the property is made, the policy is avoided, and the assured can not recover thereon. Insurance Co. v. Flournoy, 84 Texas, 632; Hartford Fire Insurance Co. v. Ransom, 61 S. W. Rep., 144; Northern Insurance Co. v. City Bank, 45 S. W. Rep., 737; Gibb v. Insurance Co., 61 N. W. Rep., 137; Bemis v. Harbor Creek, 30 Ins. L. Journal, 1053.

*L. B. Moody,* for appellees.—The court did not err in the portion of its charge complained of in appellant's first assignment of error because the same correctly presented the law of this case. Scottish, etc., Insurance Co. v. Tomkies, decided by this court on the 13th day of February, 1902, but not reported; London, etc., Insurance Co. v. Crunk, 23 S. W. Rep., 140.

An executory contract to convey in the future, under which nothing has been paid and there has been no change in the possession or right of possession to the property, does not constitute a change in the interest or title of the insured property. Home Insurance Co. v. Bethel, 142 Ill., 537; Kempton v. State Insurance Co., 62 Iowa, 83; Erb v. German-Am. Insurance Co., 98 Iowa, 606; Washington Fire Insurance Co. v. Kelly, 32 Md., 421; Boston, etc., Ice Co. v. Royal Ins. Co., 94 Mass., 381; Grable v. German Insurance Co., 32 Neb., 645; Masters v. Madison, etc., Insurance Co., 11 Barb., 624; Shotwell v. Jefferson Insurance Co., 18 N. Y. Super. Ct., 247; Browning v. Home Insurance Co., 71 N. Y., 508; Trumbell v. Portage Insurance Co., 12 Ohio, 305.

### CERTIFICATE OF DISSENT.

To the Honorable Supreme Court: This was an appeal from a judgment of the District Court of Harris County in favor of Tomkies & Co. against the Home Mutual Insurance Company upon a policy of fire

insurance. On November 13, 1902, the judgment of the court below in favor of the appellee was reversed by this court and judgment was rendered here in favor of the appellant, discharging it from all liability on said policy. The chief justice dissented from the judgment of this court, being of the opinion that the judgment of the court below should be affirmed. As stated in the conclusions of this court filed November 13, 1902, the property insured was the "machinery, shafting, gearing, tools, belting, implements, extra parts of machinery, mill supplies, elevators and millwright work, contained in the three and one story frame composition roof building and one story brick composition roof boiler house adjoining including bin, cupola, and all plumbing therein, situated on block No. 22, Houston, Texas." It was destroyed by fire on September 27, 1900, together with the building which contained it. The building had been damaged by the storm of September 8, 1900. In defense against the recovery the appellant pleaded that a part of the building fell as the result of a cyclone and not as the result of a fire, which made the policy void. There was a trial by jury which resulted in a verdict and judgment in favor of the plaintiffs for the amount sued for.

The policy provided: "If the building or any part thereof fall except as the result of fire, all insurance by this policy on such building or its contents, shall immediately cease."

The main building was two stories high, 50 feet square, with a cupola 12x16 feet in the center on the south side, 10 feet high. The only machinery in the cupola was the cleaner, which was operated by belting from the lower floor. The power plant was one story 30x50 feet adjoining the main building on the west. Prior to the storm the building was intact, good as new and worth $5000. The storm blew off the entire cupola, except a few of the uprights. The plate of the east wall of the building was broken in the center and the wall was crushed and leaned in about three feet at the top. No part of it fell. The southeast corner of the roof had been ripped up. Some of it fell leaning down in; others blew off onto the ground. The power house was not injured, except that the smoke stack fell and probably broke something about the roof. The total amount of damage to the building by the storm was $200. A contractor had undertaken to restore it for that amount.

Construing the provision avoiding the policy if the building or any part thereof fell except as the result of fire, the court below instructed the jury as follows:

"This language would not, in law, avoid the policy, if some trivial or minute part of the material in the building should fall, nor does it mean that the falling of any fragment whatever, or portion whatever, of a part of the building would avoid the policy. To avoid the policy the falling must be of some substantial part of the building that is such an integral part of the building as a whole as that the falling of the same would destroy the distinctive character of the structure."

The members of the court were all agreed that the charge was erroneous in requiring the fall of such a substantial and integral part of the building as a whole as that the falling of the same would destroy the distinctive character of the structure. But the majority of the court were of the opinion that the blowing down of the cupola upon the building containing the insured property prior to the fire which destroyed the same constituted the falling of a part of the building within the meaning of the policy and invalidated the same. The chief justice dissented from the decision of the majority of the court upon the ground that the part of the building that fell was so small a part thereof that it should be held as a matter of law not to be such substantial or material part of the building as would avoid the policy; and was of the opinion that the judgment should be affirmed notwithstanding the error in the charge.

Upon the motion of the appellee the point of dissent as above stated is certified to the Supreme Court for decision.

### OPINION OF COURT OF CIVIL APPEALS.

GARRETT, CHIEF JUSTICE.—This suit was brought by the appellees, Tomkies & Co. against the Home Mutual Insurance Company, the appellant, to recover upon a policy of insurance for the sum of $3000 and interest thereon, issued June 27, 1900, for the period of one year. The property insured was the "machinery, shafting, gearing, tools, belting, implements, extra parts of machinery, mill supplies, elevators and millwright work, contained in the three and one story frame composition roof building and one story brick composition roof boiler house adjoining bin, cupola, and all plumbing therein, situated on block No. 22, Houston, Texas. It was destroyed by fire on September 27, 1900, together with the building which contained it. The building had been damaged by the storm of September 8, 1900. In defense against the recovery the appellant pleaded:

1. That after the policy was issued and before the fire a change occurred in the interest, and in the title, of the assured in the property described in the policy, contrary to its terms, in a contracted sale to T. H. Thompson and B. F. Bonner et al.

2. That a part of the building fell as the result of a cyclone, and not as the result of a fire, which made the policy void.

There was a trial by jury which resulted in a verdict and judgment in favor of the plaintiffs for the amount sued for.

The policy provided:

(1) "This entire policy shall be void if the interest of the assured in the property be not truly stated herein.

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereon, shall be void if the interest of the assured be other than sole and unconditional ownership, or if any change, other than by the death of the assured, take place in the interest, title or

possession of the subject of insurance  *  *  *  whether by legal process, or judgment or voluntary act of the insured or otherwise."

(2)  "If the building or any part thereof fall except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

· In August, 1900, Tomkies & Co. made a written contract with T. H. Thompson and B. F. Bonner as promoters of a prospective company to be incorporated to sell the company the entire property described in the policy of insurance for a consideration of $8500 to be paid and the further consideration that L. L. Tomkies, one of the plaintiffs, was to be employed by the new company as head miller at $125 a month.  The contract was signed by L. L. Tomkies for Tomkies & Co. and by T. H. Thompson as president, B. F. Bonner as secretary, of the prospective company.  This corporation was afterwards on August 25, 1900, created as T. H. Thompson Seed and Rice Milling Company.  It repudiated the contract entered into by Thompson and Bonner with Tomkies & Co.

The main building was two stories high, 50 feet square, with a cupola 12x16 feet in the center on the south side, 10 feet high.  The only machinery in the cupola was the cleaner, which was operated by belting from the lower floor.  The power plant was one story 30x50 feet adjoining the main building on the west.  Prior to the storm the building was intact, good as new, and worth $5000.  The storm blew off the entire cupola, except a few of the uprights.  The plate of the east wall of the building was broken in the center and the wall was crushed and leaned in about three feet at the top.  No part of it fell.  The southeast corner of the roof had been ripped up.  Some of it fell leaning down in; others blew off onto the ground.  The power house was not injured, except that the smokestack fell and probably broke something about the roof.  The total amount of damage to the building by the storm was $200.  A contractor had undertaken to restore it for that amount.

The contract for the sale of the property described in the policy of insurance was an executory contract to convey in the future.  No consideration was paid, and there was no change in the possession or the right to the possession of the property.  Such a contract does not constitute a change in the interest or title of the insured property within the meaning of the stipulation in the policy by which it should become void if any such change should take place.  Erb v. German-American Insurance Co., 67 N. W. Rep., 585; 1 May on Ins., sec. 267.  It is immaterial whether the new corporation or the promoters would be bound by the contract, since there was no change in the title.

Construing the provision avoiding the policy if the building or any part thereof fell except as the result of fire the court instructed the jury as follows:  ·

"This language would not, in law, avoid the policy, if some trivial or minute part of the material in the building should fall, nor does it mean that the falling of any fragment whatever, or portion whatever,

of a part of the building would avoid the policy. To avoid the policy the falling must be of some substantial part of the building, that is, such an integral part of the building as a whole as that the falling of the same would destroy the distinctive character of the structure."

It was competent for the parties to contract that the policy should become void if the building or any part of it fell, but such contract must receive a reasonable construction, and the policy of insurance being a contract for indemnity, whatever there may be of ambiguity in it must be construed in favor of indemnity rather than of forfeiture. The language, "or any part thereof fall," may be said to be ambiguous and to require construction, because it would be unreasonable to contend that the policy would be avoided if some trivial or minute part of the material in the building should fall. The falling must be of some material or substantial part of the building. London and L. Fire Insurance Co. v. Crunk, 23 S. W. Rep., 140. And whether such part of the building had fallen would be a question for the determination of the jury. Scottish Union, etc., Insurance Co. v. Tomkies & Co., 66 S. W. Rep., 1109. By the instruction given the jury in this case they were required to find in order that the policy should be avoided not that some material or substantial part of the building as such had fallen; but that there had fallen such an integral part thereof as a whole as that the falling of the same would destroy the distinctive character of the structure. According to the decisions in this State under the valued policy law the jury were required to believe that the building had been totally destroyed before they could find for the defendant, thereby nullifying the stipulation as to a part entirely. Hamburg v. Garlington, 66 Texas, 103. While the part that should fall in order to avoid the policy should be a substantial and material part of the building, it would not be necessary for it to be so great a part as would destroy the distinctive character of the structure. In such case the structure could no longer be considered a building, but only debris or ruins.

It is the opinion of the majority of the court that the cupola was a distinctive part of the building designated in the policy as the third story; that it was constructed for the purpose of operating therein the cleaner, which was a part of the machinery belonging to the mill; and that by the destruction of the cupola an essential part of the building which protected this machinery fell, and that the policy was thereby avoided. There is no controversy about the facts, and it appears as an undisputed fact that the cupola except a few uprights fell. Therefore it is the opinion of the majority of the court that the judgment of the court below should be reversed and that judgment should be here rendered in favor of the appellant. The writer, however, is of the opinion that it does not follow that the judgment should be reversed on account of the error in the charge, because it appears from the uncontradicted evidence that no material or substantial part of the building had fallen. The main building was a two-story structure 50x50 feet, with a flat roof from which projected a cupola 12x16 feet, 10 feet high. The

cupola is called a third story in the policy, but was a very small part of the building. All of it except a few upright pieces was blown off by the storm, and this was all that fell except a part of the roof, which was shown to be ripped up at the southeast corner, but only a portion of it blew off. The east wall, although the plate was broken and it was crushed in three feet at the top, did not fall. So much of the building as fell was insignificant and trivial as compared with the whole. This is shown by the fact that the entire damage including the ripping up of the roof and the breaking in of the east wall did not exceed $200 in a building worth $5000. The cupola was an insignificant part of the building, only a projection of 12x16 feet, 10 feet high from the roof of the main building which was 50x50 feet, to which adjoined the one story power house 30x50 feet in size. And the cupola was all that fell except some fragments from the roof, unless the smokestack be considered a part of the building. Other damage to the building can not be considered, and the part that fell was so small a part that it should be held as a matter of law not to be such a substantial or material part as would avoid the policy. The purpose of the stipulation was to prevent the increase of the risk as a moral risk by so diminishing the value of the property as to make it to the interest of the owner that it should be destroyed by fire, and the risk that would result from fire spreading in the event of a fall, and for the further reason of protection to the property insured. In accordance with the opinion of the majority of the court, the judgment of the court below will be reversed and judgment here rendered in favor of the appellant.

WILLIAMS, ASSOCIATE JUSTICE.—The question before us in this case is presented upon a certificate of dissent from the Court of Civil Appeals for the First District and sufficiently appears in the opinion of that court, which will be reported along with this.

Having carefully examined the question and considered the views of the justices of the Court of Civil Appeals, we have concluded that the opinion of the majority is correct. We deem it unnecessary to go further than to hold that the statement of the facts shows that the cupola fell, and that it was used by appellees as a part of the building and was so treated and regarded in the contract of insurance. That which the parties themselves appear to have regarded as a part of the building in making the contract should be so treated by the court.