PENNSYLVANIA FIRE INSURANCE COMPANY v. F. W. WAGGENER ET AL.

Decided November 3, 1906.

**1.—Concurrent Fire Insurance—Three-fourths Clause—Valuation—Mistake.**

Where the policy of insurance by its terms permits concurrent insurance, but stipulates that the total insurance shall at no time exceed three-fourths of the actual cash value of the property insured, to avoid the policy for over-valuation there must be an intention to defraud on the part of the owner; an honest error of judgment or a mistake in valuation will not have that effect.

**2.—Same—Warranty—Definition.**

A warranty in an insurance contract is a statement made therein by the assured which is susceptible of no construction other than that the parties mutually intended that the policy should not be binding unless such statement be literally true. Where there is no stipulation that an over-valuation should operate as a forfeiture of the policy, the provision concerning valuation is not a warranty.

**3.—Same—Incumbrance.**

Where for the purpose only of changing the form of an incumbrance existing on the insured property at the time the policy was issued the legal title to the property was put in a third person for a few days, it was not such a breach of that clause in the policy forbidding a change of title as would avoid the policy.

**4.—Same—Invalid Assignment.**

Endorsed on a policy of insurance was an assignment of the same to third persons, but it was shown by the evidence that said endorsement was made by mistake, that there was no consideration for the same, and the policy was never delivered to the assignees. Held, said assignment was of no effect, and did not violate a clause of the policy forbidding an assignment of the same before loss, unless by consent endorsed thereon or added thereto.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*Crane & Gilbert,* for appellant.—The court erred in overruling, and not sustaining, the defendant's motion to render judgment for the defendant and against the plaintiff, non obstante veredicto, for these reasons:

(1.) Because there was a distinct finding of fact by the jury, which was supported by the evidence, that the property insured was worth less than $2,500 at the date when same was insured, and when its was destroyed.

(2.) Because the uncontroverted evidence shows that, in the policy upon which the plaintiff's suit was brought, that the insured warranted that said property would not be insured for more than three-fourths of its value, including all concurrent insurance. East Texas Ins. Co. v. Flippen, 23 S. W. Rep., 550; Works, Pritchett & May v. Springfield Fire Ins.

Co., 79 S. W. Rep., 42; Allen v. German American Ins. Co., 123 N. Y., 6; Commercial Union Ins. Co. v. Norwood, 57 Kan., 610.

When the valuation is a warranty, the only question is whether it is correct: Briggs v. Fireman's F. Ins. Co., 31 N. W. Rep., 616; American Ins. Co. v. Gilbert, 27 Mich., 429; Residence F. Ins. Co. v. Hannawold, 37 Mich., 103; Sun F. Office Co. v. Wich, 39 Pac. Rep., 587.

It having been shown by the testimony, that on the 10th day of February, 1904, a deed was executed, with due formality, conveying all title to the property to Abe and Louis Goldman, and that said deed was actually delivered and held by Abe and Louis Goldman for more than fifteen days before it was re-transferred, the court should have instructed the jury, as a matter of law, that there was a change in the title of the property, after the issuance of the policy, and before the loss, and that the policy was thereby avoided. East Texas Ins. Co. v. Clarke, 79 Texas, 23; Langdon v. Minnesota Ins. Co., 22 Minn., 193; Excelsior Foundry v. Western Ins. Co., 98 N. W. Rep., 9; Gibb v. Philadelphia Fire Ins. Co., 59 Minn., 267; Farmers & Merchants Ins. Co. v. Jennings, 76 N. W. Rep., 577; Dailey v. Westchester Fire Ins. Co., 131 Mass., 173.

The court erred in refusing to give special charge asked by defendant, which is as follows:

"You are instructed that, unless you shall find that three-fourths of the value of the Eagle Hotel, the building covered by the insurance, was at the date when same was issued, that is, when the policy was issued, equal to or more than $2,500, you will find for the defendant without further inquiry." East Texas Ins. Co. v. Flippen, 23 S. W. Rep., 550; Works, Pritchett & May v. Springfield Fire Ins. Co., 79 S. W. Rep., 42; Allen v. German American Ins. Co., 123 N. Y., 6; Commercial Union Ins. Co. v. Norwood, 57 Kan., 610.

*Moore, Park* and *Birmingham,* for appellees.—Where a fire insurance policy permits other concurrent insurance, but stipulates "that the total amount of insurance shall at no time exceed three-fourths of the actual cash value of the property insured," the valuation by the assured in obtaining additional concurrent insurance, though excessive, will not avoid the policy, if the valuation is an honest one, made in good faith and without intention to mislead or defraud the insurance company. Franklin Fire Ins. Co. v. Vaughan, 92 U. S., 516; Harrington v. Fitchburg Insurance Co., 124 Mass., 124; Bonham v. The Iowa Central Ins. Co., 25 Iowa, 328; Phenix Insurance Co. v. Pickel, 12 Am. St. Rep., 400, and notes; s. c. 119 Ind., 291; Borden v. Hingham Mutual Ins. Co., 29 Am. Dec., 614, and notes; Schmidt v. Mutual Fire Ins. Co., 55 Mich., 432; 1 Wood on Fire Insurance, 568, 569 (2d ed.).

Where the policy simply prohibits further insurance with no penalty for a breach, a fraudulent intent on the part of the insured in obtaining the additional insurance must be shown to defeat a recovery. Insurance Co. of North America v. Coombs, 19 Ind. App., 331; O'Leary v. German Ins. Co., 100 Iowa, 390, Cyc., vol. 19, p. 707; Phoenix Assurance Co. v. Munger Mfg. Co., 92 Texas, 297.

A deed though absolute in form, if given to secure a debt is a mortgage; and a mortgage though in form an absolute deed is not such a change of

interest, title or possession as will avoid an insurance policy that prohibits such change of title, interest or possession without its consent. Williamson v. Huffman, 47 S. W. Rep., 276; Wolf v. Theresa Village M. F. Ins. Co., 115 Wis., 402; Aetna Ins. Co. v. Jacobson, 105 Ill. App., 283.

If assured is owner of property when policy issues and afterwards conveys without consent of company, but reacquires title to property during the life of the policy and before loss, such reacquisition cures forfeiture. German Mutual Fire Ins. Co. v. Fox, 63 Law Rep. Ann., 334; Home Fire Ins. Co. v. Johansen, 59 Neb., 352; State Ins. Co. v. Schreck, 27 Neb., 527; Powers v. Ocean Ins. Co., 19 La., 28; Lane v. Maine Mutual Fire Ins. Co., 28 Am. Dec., 150.

RAINEY, CHIEF JUSTICE.—Suit on a fire insurance policy for $1,000 issued by the appellant to F. W. Waggener, a resident of the Choctaw Nation, Indian Territory, on a building at Hugo, Indian Territory, owned by said Waggener, said policy containing a loss clause payable to Abe and Louis Goldman, "as their interest may appear," they living in Lamar County, Texas. Plaintiffs alleged the loss of the building by fire. That notice had been given, proof of loss, etc. That on the back of the policy was an assignment from F. W. Waggener to B. A. and B. E. Waggener. That this was without consideration; that the policy had never been delivered, and they had no title or interest in it; that they had one other policy on the building for $1,500 and prayed for judgment.

Defendant plead the general denial, and specially a forfeiture by breach of various clauses in the policy, which will be referred to in this opinion further on. Also that the policy was issued on property in the Indian Territory, as an Indian Territory contract, and the laws of the United States governing same forbade the transfer of any policy without the consent of the defendant company endorsed thereon in writing or added thereto. Also that plaintiff Waggener had no title to the ground on which the building stood, which made the building a chattel, and the subsequent mortgage to the Goldmans rendered the mortgage void. That Dargan & Ragland, of Paris, Texas, as agents of defendant, had no authority to represent it in the Indian Territory.

The plaintiff by supplemental petition replied by general denial and specially that the conveyance from him to the Goldmans, and from the Goldmans back to him was for the purpose merely of changing the form of securing an indebtedness and lien on the property that had theretofore existed at the time of the insurance, of which the company had knowledge, and that the defendant company had knowledge of the endorsements thereon before the fire. That the insurance procured did not exceed three-fourths of the reasonable cash value of the property, $4,000, and if it was greater plaintiff was mistaken in his judgment as to its value and that the local agent, Gill, was well acquainted with the property and its value long before the insurance was procured, and knew that $2,500 insurance was carried on the building.

A trial resulted in a verdict and judgment in favor of plaintiff for $800.

There was a motion made by the defendant to the court below that judgment *non obstante veredicto* be rendered for defendant for the reason that the uncontroverted evidence showed that the property was in-

sured for more than three-fourths of its value when the policy contained a warranty that the insured would not place more insurance on the property than three-fourths of its value. A motion for a new trial, based on the same ground, was also made by defendant, and both motions were overruled by the court. This action of the court forms the basis for appellant's first assignment of error. The court refused a special instruction requested by defendant to the effect that if the property was insured for more than three-fourths of its value to find for the defendant, and this is the basis for the fifth assignment of error. The sixth assignment of error is based on the following paragraph of the court's charge, viz.: "If you further find from the evidence, that plaintiff, F. W. Waggener, did not procure concurrent insurance on said property (meaning the property covered by this policy) in excess of three-fourths of the actual cash value of the property insured; or, if he did, it was done by him in good faith, without any intention to procure a greater amount of insurance than three-fourths of the actual cash value of the said property, then you will find for the plaintiff." The foregoing three assignments relate practically to one proposition and they will be considered together.

The policy of insurance contained the following clause: "It is understood and agreed to be a condition of this insurance that, in the event of loss by fire on the property covered under this policy, this company shall not be liable for an amount greater than three-fourths of the actual loss on each item of property covered by this policy (not exceeding the amount insured on each such item), and in the event of additional insurance hereon, this company shall be liable for its proportion only of three-fourths of such loss on each item, not exceeding the amount insured on each such item. Other concurrent insurance permitted, but total insurance shall at no time exceed three-fourths of the actual cash value of each item of the property hereby covered."

The estimate of value of the building made by the different witnesses varied considerably. Plaintiff stated that it was worth $4,000 when bought. Two others stated it was worth $3,500 when destroyed. Another one stated it could be reproduced for $2,480, but on cross examination stated that he knew nothing of the value of buildings in Hugo, except from what it would cost to construct them. Another, a journeyman carpenter, who had helped construct the building, stated it was worth $1,500. After the loss of the building a proof of loss, sworn to by plaintiff, was made in which the value was placed at $2,480. In reference to this plaintiff testified that he did not mean that the property was worth only that amount, but that it was worth that much, and did not mean to be understood that it was worth no more. That in agreeing to said amount it was to effect a compromise with the adjuster of the Connecticut Fire Insurance Company, in which he held the other insurance, without suit, which was done. and in making proof of loss to defendant company he used the same figures, thinking defendant would settle on the same basis, but not hearing from the defendant as to that proof of loss he made another in which the value was stated to be $4,000. The total insurance on the property was $2,500, $1,000 of which was carried by defendant. There is no evidence in the record that plaintiff's estimate of the value, $4,000, was not an honest one, and made in good faith, other than the value given in the first proof of loss. If this should raise the question of plaintiff's

good faith the issue has been decided in his favor by the verdict of the jury under the charge of the court wherein the jury was instructed to find for plaintiff if they should find that plaintiff in procuring concurrent insurance did not intend to place on the property insurance greater in amount than three-fourths its value, and that it was done by him in good faith.

From the size of the verdict we conclude the jury found the $2,500 insurance to be more than three-fourths of the value of the property, but found that plaintiff's valuation was made in good faith and without any intention to defraud. Then the question arises, is the policy forfeited for the reason of overvaluation? We hold not. The weight of authority, we think, is that where there is concurrent insurance, under a stipulation like the one under consideration, and there is an overvaluation, to avoid the policy there must be an intention to defraud, but when the valuation is the result of an honest error of judgment, or of a mistake, it will not have that effect. (Borden v. Hingham Mut. Fire Ins. Co., 29 Am. Dec., 614, note 616; Phenix Ins. Co. v. Pickel, 12 Am. St. Rep., 393, note 400; Franklin Fire Ins. Co. v. Vaughan, 92 U. S., 516; Harrington v. Fitchburg Ins. Co., 124 Mass., 126; 1 Wood on Fire Ins., p. 568 (2d ed.). The policy does not provide any mode for determining the cash value of the property and its value perforce was dependent upon opinion, which in all cases more or less differs as to houses. The plaintiff in procuring concurrent insurance was left to his own judgment and experience in arriving at the value, and having acted without any intention to defraud, and the evidence being such as would have warranted the jury in finding that there was no overvaluation, the plaintiff was entitled to recover on this issue.

Again, the clause under consideration does not stipulate that an overvaluation shall operate as a forfeiture of the policy, and is therefore not such a warranty as requires a literal compliance therewith. "A warranty in an insurance contract is a statement made therein by the assured which is susceptible of no construction other than that the parties mutually intended that the policy should not be binding unless such statement be literally true." (Phoenix Assurance Co. v. Munger Mfg. Co., 92 Texas, 297.) In failing to provide for a forfeiture in case of overvaluation it is evident that no warranty was intended, and this construction is borne out by the fact that in other clauses in reference to an assignment of the policy before loss, incumbrance by mortgage, change of interest, title, etc., it is provided that "this entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void," etc. Not being a warranty and no great excess in overvaluation being shown, and fraud being absent the policy can not be avoided. (O'Leary v. German Ins. Co., 100 Iowa, 390; Insurance Co. of North America v. Coombs, 19 Ind. App., 331.)

The appellant contends that the policy was forfeited by the breach of the following clause: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, if the insured now has, or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy—or if any change other than the death of the insured, take place in the interest, title or possession of the subject of insurance (ex-

cept change of occupants without increase of hazard), whether by legal process or judgment, or voluntary act of the insured or otherwise."

The testimony shows that when the policy was issued Abe and Louis Goldman held an indebtedness of $2,400, which was secured by a lien on the land, and in adjusting some difference that arose in regard thereto it was agreed between plaintiff and the Goldmans that the debt would be reduced to $1,900, and a change in the form of the evidence of security should be made, in that, plaintiff was to execute a deed to the property to the Goldmans and the Goldmans should retransfer the property to plaintiff, he to execute a deed of trust to the Goldmans to the property to secure said $1,900. These instruments bore date February 10, 1904, and were signed as required by the parties on that date, except Louis Goldman, who was absent at that time, but who on February 26, 1904, upon his return, signed the transfer back to plaintiff, thus consummating the agreement theretofore made between the parties. It seems the papers were prepared at Hugo, and sent to Paris to the Goldmans and held by them until February 26, 1904, awaiting the return of Louis Goldman. It is claimed by appellant that during this delay the title was in the Goldmans and that by reason of this the policy was avoided. This transaction did not change the status of the title to the property, and did not breach that clause of the policy relating to a change of title. (Williamson v. Huffman, 47 S. W. Rep., 276.)

The court charged the jury to find for defendant if plaintiff had transferred the policy to B. A. and B. E. Waggener and added, "unless you find from the evidence that the transfer endorsed on said policy, if any, by plaintiff, F. W. Waggener, to B. A. and B. E. Waggener, was not intended as a conveyance to them, and was done through mistake, and if you find that there was no consideration therefor, and no delivery of said policy to them, and that the same was done, if it was done, without their knowledge or consent, and never accepted by them." The latter paragraph the appellant complains is error, the contention being that no facts were proven justifying the conclusion that there was a mistake, and whether it was a mistake or not was wholly immaterial, the policy having been assigned without the consent of the defendant company.

The policy contained a clause providing the policy should be void if an assignment of the policy was made before loss, "unless otherwise provided by agreement endorsed hereon or added hereto." The evidence shows that on the back of the policy was endorsed the following: "The interest of F. W. Waggener as owner of property covered by this policy is hereby assigned to B. A. and B. E. Waggener, subject to the consent of the Pennsylvania Insurance Company," signed by F. W. Waggener. That it was executed through a mistake and without the knowledge or consent of the said B. A. and B. E. Waggener, or either of them; that plaintiff never received any consideration for the execution of said assignment and neither it or the policy was ever delivered to said B. A. and B. E. Waggener, or either of them; that the making of said endorsement was brought about by K. S. Dargan, an insurance agent who had renewed a policy in the name of B. A. and B. E. Waggener, issued on the same property while they were owners thereof, advising plaintiff to have said assignment made, that both policies might be the same, and plaintiff being ignorant about such matters followed said advice and executed said as-

signment accordingly. There was no error in giving said charge. The evidence was sufficient to show there was a mistake in making the endorsement, and there being no delivery and no consideration for the making thereof, it was of no effect. Besides, it was made subject to the consent of defendant and therefore was ineffective until the consent of defendant was given.

We are of the opinion that no error in the charge of the court is pointed out, and that the evidence is sufficient to support the verdict. The judgment is therefore affirmed.

*Affirmed.*