PHILADELPHIA UNDERWRITERS' AGENCY OF FIRE ASS'N OF PHILADELPHIA v. MOORE. (No. 840.)

(Court of Civil Appeals of Texas. El Paso. April 11, 1918. Rehearing Denied May 2, 1918.)

1. INSURANCE ⬷328(14) — FIRE INSURANCE — AVOIDANCE OF POLICY — FORECLOSURE WITH KNOWLEDGE OF INSURED.

The fact that insured knew that one holding a lien against the insured property would file foreclosure suit against him if he did not meet his obligation did not render filing of suit a commencement of the foreclosure with knowledge of insured within a provision avoiding the policy in that event.

2. INSURANCE ⬷328(8)—FIRE INSURANCE— AVOIDANCE OF POLICY—"CHANGE IN INTEREST" OF INSURED.

Change in the interest of insured within a provision avoiding a policy therefor does not result from the execution of a deed for the property and placing it in escrow with a bank, where the condition on which its delivery was to be made was unfulfilled and the deed was not delivered by the bank.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Change.]

Error from District Court, Coryell County; J. H. Arnold, Judge.

Action by H. E. Moore against the Philadelphia Underwriters' Agency of Fire Association of Philadelphia. Judgment for plaintiff, and defendant brings error. Affirmed.

Locke & Locke, of Dallas, for plaintiff in error. McClellan & McClellan, of Gatesville, for defendant in error.

HIGGINS, J. Plaintiff in error issued an insurance policy in the sum of $1,000, covering a dwelling house. The policy is of the Texas Standard form, in which the insurer undertook to insure W. E. Tyre against loss by fire for a period of one year from December 21, 1915, and contains the usual provisions that it shall be void if the interest of

the insured be other than the sole and unconditioned ownership, or if any change shall occur in the interest, title, or possession of the subject of insurance, or if, with the knowledge of the insured, foreclosure proceedings shall be commenced. W. M. Williams had a first lien upon the property, and the policy contained a loss payable clause as follows:

"It is agreed that any loss or damage ascertained and proven to be due to the assured under this policy shall be held payable to W. M. Williams, as interest may appear, subject, however, to all the terms and conditions of this policy."

Defendant in error, Moore, had a second lien upon the property. On February 21, 1916, the house was destroyed by fire. Moore brought this suit to recover the amount of the policy, claiming that the policy should be reformed and interpreted as if an additional loss payable clause, identical with that quoted above, was attached to the policy, naming him as a beneficiary. From a judgment in his favor, the insurer appeals.

[1] No point is made as to the right of Moore to have the policy reformed as indicated; his right of recovery being contested upon other grounds. It is insisted first that the policy was avoided because with the knowledge of Tyre, foreclosure proceedings were commenced prior to the date of the fire. The record discloses that on December 22, 1915, Moore filed suit against Tyre to foreclose his lien upon the property. On January 11, 1916, decree of foreclosure was entered. Tyre did not hear of the filing of the suit until citation was served upon him on December 23, 1915, and there is no evidence to show that he knew Moore was going to file foreclosure proceedings, except that he testified that some time before the filing of the suit, he (Tyre) had a conversation with Moore, and Moore said—

"that if I did not get busy that he was going to foreclose on me, and that if I did not get busy, he would have to get busy himself."

Tyre further testified:

"Yes, I knew from that conversation he had with me that he was not going to give me any extension. In other words, a man don't have to knock me down before I dodge. I knew he was going to file this suit against me."

The clause providing that the policy shall be void, if with the knowledge of the insured foreclosure proceedings shall be commenced, was considered in London, etc., v. Davis, 37 Tex. Civ. App. 348, 84 S. W. 260, and under the construction placed upon the clause in that case it must be held, upon the facts here presented, that the foreclosure proceedings by Moore against Tyre were not commenced with the knowledge of the latter, and the policy was not thereby avoided. The mere fact that Tyre knew that Moore would file a foreclosure suit against him if he did not meet his obligation did not render the filing of the suit a commencement of the pro-

ceeding with the knowledge of Tyre. A debtor is at all times charged with such knowledge, and it is not that contemplated by the provision under consideration. See, also, Insurance Co. v. Freeman, 33 S. W. 1091; Insurance Co. v. Neurenberg, 144 S. W. 357. The action of the Supreme Court in refusing a writ of error in the Davis Case must be regarded as an approval of the rule there announced.

[2] It is further insisted that a change occurred in the interest of the insured in the subject of insurance, whereby the policy became void. The facts in this connection are as follows:

After the institution of the foreclosure proceedings, negotiations occurred between Moore and Tyre for an amicable adjustment. On January 31, 1916, Tyre executed a deed conveying the property to Moore in consideration of the cancellation of the judgment obtained by Moore in the foreclosure suit, and the assumption by Moore of the payment of the first lien notes held by Williams. On said date, the deed was placed in escrow with a bank, accompanied by an agreement signed by Moore and Tyre. The condition upon which the bank was to deliver the deed is set forth in the following section of the agreement, viz.:

"Now shall we on or at any time before the 1st day of March, 1916, remove from the land described in said deed and tender possession thereof to the said H. E. Moore, then you will hold said deed from that time as delivered to said H. E. Moore, and you may surrender same to him after he has paid to you the sum of $15 for our account or after he has paid such sum to us. If we do not remove from said property by the 1st day of March, 1916, then the obligation of the said H. E. Moore to receive said deed shall cease and same shall henceforth be held for naught and you shall return the same to us. If we shall surrender the possession of said land to the said H. E. Moore at any time prior to the said 1st day of March and he shall be entitled to title and possession thereof under our said deed, then the said H. E. Moore shall pay to us such reasonable amount as we shall be compelled to pay for the rental of another place in which to live between such time of our removal and the said 1st day of March, 1916."

At the date of the fire Tyre had not removed from the property, and the deed had not been delivered to Moore, and Moore had not paid to the bank the $15 mentioned in the agreement.

Upon the facts stated, we think it clear that there had been no change in the interest or title of Tyre in the insured property, within the meaning of the stipulation in the policy relied upon by plaintiff in error. Insurance Co. v. Tompkies, 30 Tex. Civ. App. 404, 71 S. W. 812; Insurance Co. v. Waggener, 44 Tex. Civ. App. 144, 97 S. W. 542; Insurance Co. v. Nowlin, 56 S. W. 198; Insurance Co. v. Duncan, 140 Ky. 27, 130 S. W. 805; 19 Cyc. 694–748.

Affirmed.