## SOUTHERN CASUALTY CO. v. DYER.
### (No. 2327.)

Court of Civil Appeals of Texas. El Paso. Nov. 14, 1929.

Rehearing Denied Dec. 12, 1929.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellant.

Mathis & Caldwell, of Wichita Falls, for appellee. .

HIGGINS, J. This is a suit by appellee upon a fire insurance policy issued to him by appellant covering an automobile truck. During the life of the policy the truck was destroyed by fire. The policy contained a stipulation which reads:

"This entire policy shall be void unless otherwise provided by agreement in writing added hereto: (a) If the interest of the assured and the subject of this insurance be other than unconditional and sole ownership or in case of transfer or termination of the interest of the assured other than by death of the assured or in case of any change in the nature of the insurable interest of the assured in the property described herein, either by sale or otherwise. * * *"

In bar of the action it is here contended the undisputed evidence shows the policy was avoided because prior to the fire appellee had traded the truck to the Wichita Motor Company and received a credit therefor of $1,000 on the purchase price of a new truck, which constituted a transfer of the interest of the assured in the truck covered by the policy or change in the nature of his insurable interest in such truck.

This view of the effect of the evidence was rejected by the trial judge, before whom the case was tried without a jury, and his adverse finding upon the issue is well supported by the evidence.

The evidence shows the following: A few days before the truck was burned, appellee had agreed with W. O. Beeman, a representative of the Wichita Motor Company, to buy a new truck from that company and to trade in his old truck for an allowance of $1,000 on the purchase price of the new one.

Beeman testified: "We commenced negotiations about three or four days before it was reported to me the old truck had burned. Mr. Dyer had not delivered the old truck nor the bill of sale to me. At the time that the truck was burned I had not delivered the new truck to Dyer. It was delivered on May 22nd, 1926. It was nearly a month after the truck burned on April 25th, 1926, before I delivered the new truck. He executed the notes in payment of the new truck on June 1st, several days after. It was over a month after I had commenced negotiations with Mr. Dyer before the deal was consummated, and the truck finally delivered to him, and the notes signed up."

Further on in his testimony Mr. Beeman said:

"On April 19th I started the trade with Mr. Dyer; we agreed upon the valuation, but the deal was not closed that date. It was closed about June 1st, when he signed the notes. I was not able that very day to deliver him a new truck, or get one ready for him because we had to wait to get the truck built, we do not carry them in stock out there as a rule. He never had delivered this old truck to me."

The order, in writing, covering the trade in which this truck figured, was dated May 24, 1926.

This and other evidence in the record shows that at the time of the fire the truck was still in possession of appellee and being used by him in his business; bill of sale therefor had not been delivered; the new truck had not been delivered, in fact, was

still at the factory, where some additional equipment was to be placed upon it.

This is abundantly sufficient to support the view that title to the old truck had not passed to the Wichita Motor Company either absolutely or conditionally. At best it simply shows an agreement for a future exchange, and did not constitute such a present transfer of Dyer's interest in the truck as would avoid the policy under the quoted provision. Philadelphia, etc., v. Moore (Tex. Civ. App.) 202 S. W. 990; Id. (Com. App.) 229 S. W. 490; Pennsylvania, etc., v. Stockstill (Tex. Civ. App.) 197 S. W. 1036.

Title to the truck not having passed, we think there was no change in the insurable interest of appellee in the same. Certainly there had been no such change as would increase the motive to burn or diminish the motive to guard the property from loss by fire. Ins. Co. v. O'Bannon, 109 Tex. 281, 206 S. W. 814, 1 A. L. R. 1407; New Orleans Ins. Co. v. Gordon, 68 Tex. 149, 3 S. W. 718, 720; Home Mut. Ins. Co. v. Tompkies, 30 Tex. Civ. App. 404, 71 S. W. 812, 813.

We need not discuss the evidence relied upon by appellant. It may be conceded same would have supported a finding by the trial court that Dyer and the motor company intended the title to the old truck to presently pass to the motor company at the time the agreement to exchange was made, in which event the intention of the parties would have been given effect, though possession and use of the truck remained with appellee. In such case the policy would have been avoided, but the evidence relied upon by appellant in this connection is by no means conclusive. The trial court adopted the view that title had not passed, and the evidence to which we have referred abundantly supports such view.

Affirmed.