## AMERICAN GENERAL INS. CO. v. THOMPSON et al.

### No. 9498.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 16, 1935.

Rehearing Denied Feb. 6, 1935.

Vinson, Elkins, Sweeton & Weems, of Houston, and Davenport & Ransome, of Brownsville, for appellant.

Abney & Whitelaw, of Brownsville, for appellees.

MURRAY, Justice.

This suit was instituted by Rhoe A. Thompson and C. C. Senter, appellees, against American General Insurance Company, a corporation, appellant, to recover the sum of $975, the face value of a fire insurance policy issued by the appellant in favor of appellee Rhoe A. Thompson, as owner, and appellee C. C. Senter, as mortgagee, covering a one story composition roof frame building located near Brownsville, in Cameron county, Tex. At the close of the testimony the trial judge instructed the jury to return a verdict for appellees for the full amount sued for, and from the resulting judgment appellant presents this appeal.

Appellant contends that the house had fallen before the fire occurred and that, therefore, it was not liable under a clause in the insurance policy which provides that "if a building or any part thereof fall, except as a result of fire, all insurance by this policy on such building or its contents shall immediately cease."

The facts show that the house involved herein had been severely damaged during a windstorm on September 5, 1933. As a result of this storm, the house was blown from its base, about one-third of the shingles were blown off the roof, the front porch was blown down, and the chimney fell. These facts at least raise a question of fact which should have been submitted to the jury as to whether a substantial and material part of the house had fallen. Clayburgh v. Agricultural Ins. Co., 155 Cal. 708, 102 P. 812, 18 Ann. Cas. 579.

It is true that the evidence is practically undisputed as to the damage done by the storm, but whether or not this damage constituted a falling of a material portion of the house is a question of fact to be deduced from the evidence, and, so long as reasonable minds might differ as to this inference, it is a question of fact for the jury and not a question of law to be decided by the trial judge.

It would seem that if we followed the case of Home Mut. Ins. Co. v. Tomkies, 30 Tex. Civ. App. 404, 71 S. W. 812, 813, approved by the Supreme Court 96 Tex. 187, 71 S. W. 814, we would hold that, as a matter of law, appellees' house had fallen and the insurance had ceased. In that case we find the following language: "It is the opinion of the majority of the court that the cupola was a distinctive part of the building, designated in the policy as the 'third story'; that it was constructed for the purpose of operating therein the cleaner, which was a part of the machinery belonging to the mill; and that by the destruction of the cupola an essential part of the building which protected this machinery fell; and that the policy was thereby avoided. There is no controversy about the facts,

and it appears as an undisputed fact that the cupola, except a few uprights, fell. Therefore it is the opinion of the majority of the court that the judgment of the court below should be reversed, and that judgment should be here rendered in favor of the appellant."

However, the Supreme Court, in approving that opinion, laid stress upon the fact that the third story, or cupola, had been mentioned in the policy, thereby designating it a material part of the building at the time the policy was executed. This is not true of the case at bar. In this policy no mention is made of the chimney or the porch, and, as a result of this distinguishing feature, we conclude that here we have a question of fact.

It is further contended by appellant that the policy providing, "This Policy covers any direct loss or damage caused by lightning (meaning thereby the commonly accepted use of the term 'lightning' and in no case to include loss or damage by cyclone, tornado or windstorm), not exceeding the sum insured, nor the interest of the insured in the property," the burden of proof was upon appellees to show that none of the damage was caused by storm, or where the evidence affirmatively shows that some of the damage was caused by storm, then and in that event the burden of proof is upon appellees to show the extent of the damage done by fire. This is the rule in Texas, Boston Ins. Co. v. Fitzpatrick (Tex. Civ. App.) 75 S.W.(2d) 897; Georgia Home Ins. Co. v. Trice (Tex. Civ. App.) 70 S.W.(2d) 356.

In instructing a verdict for appellees, the trial judge committed error requiring that the judgment be reversed and the cause remanded.