## ST. PAUL FIRE & MARINE INS. CO. v. BURTON.

### No. 4538.

Court of Civil Appeals of Texas. Amarillo.
Feb. 10, 1936.

Rehearing Denied March 9, 1936.

Conway & Scharff, of Waco, and Dibrell & Snodgrass, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

MARTIN, Justice.

Appellant issued a fire insurance policy to appellee in the sum of $1,500 on his household goods, etc., situated in a residence not then or thereafter owned by appellee. Appellee brought suit against appellant on said policy, alleging the destruction of said personal property by fire, and the nonexistence of any exceptions from liability contained in the policy. Among the exceptions contained therein was the usual one against payment of any damages caused by an explosion.

Among the defenses pleaded was that appellee himself had burned or caused the property to be burned.

The court submitted to the jury issues as to the value of the property immediately before and after the fire, and the defensive issues hereafter set out.

The value of the property was found to be $476.48, and judgment was accordingly entered for this amount.

Some of the defensive issues and the answers thereto respecting arson were as follows:

"Do you find from a preponderance of the evidence that prior to the time of the fire in question there was constructed and placed within one of the rooms of the house in which plaintiff's furniture was located, a fire machine or apparatus? Answer 'Yes' or 'No.' Answer: 'Yes.'

"Do you find from a preponderance of the evidence that such act, if any, was done with the knowledge of the plaintiff, Jack Burton? Answer 'Yes' or 'No.' Answer: 'No.'

"Do you find from a preponderance of the evidence that prior to the time of the fire in question, gasoline or other inflammable substance was poured or spilled on the bedclothing, mattresses, walls, floors, or ceilings of the house in which plaintiff's property was located? Answer 'Yes' or 'No.' Answer: 'Yes.'

"Do you find from a preponderance of the evidence that said act, if any, was done with the knowledge of the plaintiff, Jack Burton? Answer 'Yes' or 'No.' Answer: 'No.'"

Without here consuming space in its repetition, the evidence overwhelmingly supports the jury's finding in effect that the fire was incendiary. An issue existed as to appellee's connection therewith. The jury found this in his favor.

In his closing argument to the jury, counsel for appellee stated: "He might have had an enemy do it; the Temple Trust Company might have had an enemy to do it; I guess they've got a lot of enemies as there are a lot of people who owe them, they tell me; there may have been somebody who thought they had been beaten by them by usury and who wanted to get it back on them; I don't say those things are so, but I say they are more reasonable than this other proposition."

The Temple Trust Company had a lien on the above house. There was no evidence that such company had any enemies, or that a lot of people owed them, or that anybody thought they had been "beaten by usury." This placed before the jury facts highly important to appellee, but which had no record existence. The facts and circumstances pointing to appellee as the guilty party were strong enough to call for an explanation that another or others had committed this crime, for it seems almost certain that the house was purposely set on fire by some one. It is well settled that the accused has a right to prove defensively in an arson case that another or others had a motive and the opportunity to commit the crime, particularly in a case resting upon circumstantial evidence. Ward v. State, 71 Tex.Cr.R. 310, 158 S.W. 1126, 1128, and authorities therein cited. We say this without intending to hold that such evidence existed or was admissible under the facts shown here. This highly material defense was gotten before the jury by the unsworn statement of counsel already quoted. We are not able to say the matter is harmless. Indeed, it seems probable that such language influenced the jury to find against appellant on the only real defense it had. The question is not new and will not be discussed further. San Antonio Public Service Co. v. Alexander (Tex.Com.App.) 280 S.W. 753; Bell v. Blackwell (Tex.Com. App.) 283 S.W. 765; Floyd v. Fidelity Casualty Co. (Tex.Com.App.) 39 S.W.(2d) 1091; Hunstock v. Roberts (Tex.Civ.App.) 65 S.W. 675; City of Pampa v. Todd (Tex. Com.App.) 59 S.W.(2d) 114.

Since this case must be reversed, we say in passing that the trial court should on another trial so frame its issues as to exclude the possibility of any finding of damages caused by an explosion. There was uncontradicted testimony that an explosion occurred before the fire, and some testimony of damages to the property insured by such

For these damages appellant is not liable under the stipulations of its contract. American General Insurance Co. v. Thompson (Tex.Civ.App.) 78 S.W.(2d) 727; Georgia Insurance Co. v. Trice (Tex.Civ.App.) 70 S.W.(2d) 356.

Judgment reversed, and cause remanded.

### On Motion for Rehearing.

In justice to appellee's counsel, we state that the alleged error concerning the argument set out above was raised for the first time on motion for a new trial, and that no objection was made thereto during the trial.

The harmful effect of such an argument must be appraised in the light of the entire record. There is no legal yardstick for its precise measurement. Precedents are of little value, as cases differ so widely in their facts. Mere human opinions of this character are of course unsatisfactory, both to their author and to the losing party. Here we appraised the argument as having the probable effect of injury to appellant. Indeed, it seems more than probable. The circumstances point an accusing finger at appellee as the author of a fire, almost conclusively shown to be incendiary. Appellee needed an explanation badly. His counsel furnished it, in a very mild but highly effective way. Being a mere human opinion, we recognize that another might honestly arrive at a different conclusion upon the same facts. The issues in this case are too close for us to be able to say that an instruction from the court or its withdrawal by counsel would have removed from the jurors' minds the effect of such an argument.

Motion overruled.