28142.  SOUTHERN FIRE INSURANCE COMPANY *v.*
CROWE.

DECIDED MAY 16, 1940.  REHEARING DENIED JULY 26, 1940.

*MacDougald, Troutman & Arkwright, Harllee Branch Jr., G. Fred Kelley, W. P. Whelchel,* for plaintiff in error.
*Wheeler & Kenyon, Charles J. Thurmond,* contra.

BROYLES, C. J.  This was an action by Lee Crowe against Southern Fire Insurance Company on a fire-insurance policy, to recover for the destruction of a stock of goods insured by the defendant and contained in a certain building in Gainesville, Georgia. The petition alleged that the goods were destroyed by fire, and that the defendant had refused payment of any sum. The defendant in its answer denied liability, on the ground that the policy sued upon provided that "if a building or any part thereof fall, except as the

result of fire, all insurance by this policy on such building or its contents shall immediately cease;" and that, "prior to the occurrence of any fire on the premises described in said policy, a tornado or violent windstorm occurred at, over, and around the said premises, which said tornado or windstorm then and there immediately caused a part of the building described in said policy to fall; and that the falling of said building, or a part thereof, occurred prior to the fire alleged to have occurred in plaintiff's petition." The trial resulted in a verdict in favor of the plaintiff for the face amount of the policy. A new trial was denied, and the defendant excepted to that judgment.

We have carefully studied the voluminous brief of evidence, and in our opinion the positive and uncontradicted testimony of several of the defendant's witnesses demanded a finding that the roof of the building in question had been blown off or down by the tornado before the building began to burn; and it is obvious that a roof is a material and substantial part of a building. In Home Mutual Insurance Co. v. Tomkies, 30 Tex. Civ. App. 404 (71 S. W. 812), a cupola, 16 feet long, 12 feet wide, and 10 feet high, on a building 50 feet long and 50 feet wide, was held by the court to be a material and substantial part of the building; and it was further held that the destruction of the cupola by a storm, before the fire started, avoided the policy of fire insurance; and a judgment for the plaintiff was reversed. In the instant case the undisputed evidence showed that the structure in question was a two-story building, and that a portion of the plaintiff's insured property was on the second floor. This being true, it is obvious that such property was protected and kept safe by the roof of the building, and that the fall of the roof destroyed that protection, and, under the terms of the policy, avoided the policy. If the evidence as to the fall of the roof had been conflicting, it would have been a jury question; but since the undisputed evidence demanded a finding that the tornado had caused it to fall before the fire started, a verdict for the defendant was demanded. The plaintiff testified that when the tornado struck there was no fire in the building; that the tornado lasted only a few minutes, and that the fire started "two or three hours after the tornado passed over." He testified further: "I do not know what the storm did to the rear walls of my building, or whether any part of my building was blown on the hardware build-

ing . . all of the first floor of my building was all right, . . but I did not go on the second floor." We say in this case, as was said by this court in *Smith* v. *Ætna Insurance Co.*, 58 *Ga. App.* 711 (199 S. E. 557): "The positive, uncontradicted, and unimpeached testimony of several of the defendant's witnesses showed that a material and substantial part of the building . . was caused to fall by a tornado before it burned. Under the terms of the policy in such a case there could be no recovery. The testimony of the plaintiff's witnesses was at the most only circumstantial, and was consistent with that of defendant's witnesses." It follows that the verdict in favor of the plaintiff was unauthorized, and that the refusal to grant a new trial was error.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*