LONDON & LANCASHIRE FIRE INSURANCE COMPANY OF LIVERPOOL, ENGLAND v. JAMES R. DAVIS, ET AL.

Decided November 30, 1904.

**1.—Insurance Policy—Construction.**

Where the language used in a policy of insurance is chosen by the insurer and is of doubtful meaning, that construction which is most favorable to the insured is to be placed upon it.

**2.—Fire Insurance—Forfeiture—Foreclosure Proceedings—Commencement.**

Where a policy of insurance covering property on which there was a deed of trust contained a stipulation that the policy should become void if with knowledge of insured foreclosure proceedings be commenced before the house is destroyed by fire, without written notice to and consent of the company, by "commencement of foreclosure proceedings" is meant the filing of suit and not service of notice, and the forfeiture did not attach by filing foreclosure suit without procurement or knowledge of insured.

**3.—Cases Followed, Distinguished and Disapproved.**

Stenzel v. Insurance Co., 35 So. Rep., 271; Bellevue R. M. Co. v. Insurance Co., 39 Pac. Rep., 196, North B. & M. Ins. Co. v. Freeman, 33 S. W. Rep., 1091, approved. Quinlan v. Insurance Co., 133 N. Y., 362; Merchants' Ins. Co. v. Brown, 25 Atl. Rep., 992; Moore v. Insurance Co., 36 N. E. Rep., 191; McKinney v. Insurance Co., 30 S. W. Rep., 1004; Hartford F. Ins. Co. v. Clayton, 17 Texas Civ. App., 644; Springfield S. L. Co. v. Insurance Co., 52 S. W. Rep., 238; Norris v. Insurance Co., 33 S. E. Rep., 566, distinguished. Schroeder v. Insurance Co., 63 Pac. Rep., 1074; Findlay v. Insurance Co., 52 Atlantic Rep., 429; Insurance Co. v. Greek, 61 Law Rep. Ann., 137, disapproved.

Appeal from the District Court of Bexar. Tried below before Hon. A. W. Seeligson.

*Denman, Franklin & McGown,* for appellant.—The policy expressly provides that it shall become void, "if, with the knowledge of the insured, foreclosure proceedings be commenced . . . or notice given of sale of any property covered by this policy, by virtue of any mortgage or trust deed." The mortgagees filed their suit against Davis to foreclose their mortgage upon the property covered by the policy in question on December 27, 1902, and served Davis with citation for foreclosure on December 30, 1902. By reason of these facts the policy under its terms lapsed and became void as soon as Davis, by service of the citation, knew of the commencement of foreclosure proceedings and was not in force when fire destroyed the building on April 21, 1903. Titus v. Glenn Falls Ins. Co., 81 N. Y. 410; Meadows v. Hawkeye Ins. Co., 17 N. W. Rep., 600; Quinlan v. Prov. W. Ins. Co., 133 N. Y. 362; Han. Fire Ins. Co. v. Brown, 25 Atl. Rep., 992; Moore v. Han. Fire Ins. Co., 36 N. E. Rep., 191; McKinney v. Western F. Ins. Co., 20 S. W. Rep., 1004; Hartford F. Ins. Co. v. Clayton, 43 S. W. Rep., 911; Springfield S. L. Co. v. Traders Ins. Co., 52 S. W. Rep., 238; Norris v. Hartford F. Ins. Co., 33 S. E. Rep., 566; Schroeder v. Imp. Fire Ins. Co., 63 Pac. Rep., 1074; Findlay v. Union Mut. T. Ins. Co., 52 Atl. Rep., 428; Hayes v. U. S. F. Ins. Co., 44 S. E. Rep., 404.

*Gordon Bullitt* and *R. J. Boyle,* for appellee.—To render the policy void under that clause providing for its nullity if, with the knowledge of the insured, foreclosure proceedings be commenced, and under the defense as pleaded by the insurance company, it must have been commenced with the knowledge of Davis, the insured. Rev. Stat., art. 1177; Kinney v. Lee, 10 Texas, 157; Jones v. Andrews, 72 Texas, 5; Tribby v. Wokee, 74 Texas, 143; Smith v. Farmers' Loan and Trust Company, 21 Texas Civ. App., 173; Davidson v. Southern Pacific Co., 44 Fed. Rep., 476; North British & Mer. Ins. Co. v. Freeman, 33 S. W.

Rep., 1091; Bellevue Roller Mill Co. v. London & L. Fire Ins. Co., 39 Pac. Rep., 197; Horton v. Home Ins. Co., 29 S. E. Rep., 944.

FLY, Associate Justice.—The house of James R. Davis was destroyed by fire and he sought to recover the sum of $2,500 due from appellant by virtue of a policy of insurance issued by it to him. He obtained the judgment he sought.

It is admitted by appellant that James R. Davis is entitled to recover for the use and benefit of the trustees of the estate of Thomas Pierce, deceased, who held a mortgage on the property, the sum of $2,635 with interest from May 20, 1904, at the rate of six percent per annum unless the right to recover is defeated by the fact that a suit to foreclose the mortgage was commenced with the knowledge of Davis, before the house was destroyed by fire. These are the facts:

"On the 4th of March, A. D., 1901, James R. Davis executed and delivered a deed of trust upon the property covered by said policy of insurance to the trustees of the estate of Thomas W. Pierce, deceased, to secure them in a debt from him to said trustees, and this mortgage has since said date been and is now a valid, subsisting mortgage upon said property and the debt secured by said mortgage did not mature until after the policy sued upon herein was issued.

When the policy of insurance previously existing upon this property lapsed, the local agent of the defendant insurance company issued the policy herein sued upon and delivered the same to the agent of the trustees of the estate of Thomas W. Pierce, deceased, and said agent in accordance with the provisions of the mortgage from James R. Davis authorizing the mortgagees so to do paid the premium of the policy herein sued upon for the account of and charged the same to James R. Davis and the mortgagees retained the possession of said policy from the date of its issuance up to the present time, and the insured, James R. Davis, never saw the policy nor has he ever had the same in his possession.

The policy sued upon herein was dated December 7, 1902, and provided that in consideration of the premium paid it, the defendant insurance company "Does insure James R. Davis for the term of one year from the 7th day of December, 1902, at noon to the 7th day of December, 1903, at noon against all direct loss or damage by fire except as hereinafter provided, to an amount not exceeding twenty-five hundred dollars, upon the property described in said policy of insurance and in said deed of trust from plaintiff to said trustees, being a dwelling house known as 904 East Olive Street in the city of San Antonio, Texas, and upon the face of the policy it was written 'Loss,' if any, payable to the trustees of the estate of Thomas W. Peirce, deceased, as their interest may appear."

Among other things the policy sued upon provided:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto shall be void. . . . 'If with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy, by virtue of any mort-

gage or trust deed.' . . . 'If with the consent of this company, an interest under this policy shall exist in favor of a mortgagee, or of any person or corporation having an interest in the subject of insurance, other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto. . . . 'This policy is made and accepted subject to the foregoing stipulations and conditions together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto and as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provision or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

No subsequent agreements were endorsed upon or added to the policy of insurance herein sued upon.

Thereafter, on December 27, 1902, the debt from James R. Davis secured by the mortgage to the estate of Thomas W. Peirce, deceased, became due and unpaid and the trustees of said estate filed suit in the District Court of the 57th Judicial District of Bexar County, Texas, against James R. Davis to recover the debt due by him and to foreclose their mortgage upon the property covered by said policy of insurance, and this suit is still pending and undetermined.

The defendant therein, James R. Davis, did not know of the filing of said suit by the mortgagees until he was served with citation therein on the 30th day of December, A. D., 1902, and had no knowledge of the commencement of the foreclosure proceedings by said mortgagees until he was served with said citation for foreclosure.

On the 21st day of April, A. D., 1903, the property covered by said insurance policy was totally destroyed by fire.

The defendant insurance company did not tender back to the plaintiff or the trustees of the Peirce estate any part of the premium paid for said policy of insurance, nor was any demand made on said company for the same."

The language used in the policy of insurance, is that chosen by the insurance company. The insured exercised no choice in that connection, but in order to insure his property he was compelled to accept a policy whose language and conditions were dictated by the insurer. Such being the case it is the universal rule that if the language of any condition in the policy is of doubtful meaning or import, that construction which is most favorable to the insured is to be placed upon it. Goddard v. Insurance Co., 67 Texas, 69; Bills v. Hibernia Ins. Co., 87 Texas, 547. An additional reason for construing a condition of doubtful import in favor of the insured is, that the law does not

favor forfeiture and will always give preference to that reasonable construction which will sustain the claim of the insured. Therefore before a forfeiture will be declared the facts must bring the case clearly within the terms of the condition expressed in the policy. Brown v. Palatine Ins. Co., 89 Texas, 590.

Again, the language employed in the policy must be construed in its ordinary sense and according to the evident intention of the parties to it. No forced construction is permissible, but the sense in which the language is used must be arrived at in the light of the surroundings of the parties and the intention they had in using the language. It is said in May on Insurance, sec. 175, "No rule in the interpretation of a policy is more fully established, or more imperative or controlling, than that which declares that in all cases it must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim for indemnity, which it was his object to secure in making the insurance." The construction must have for its object indemnity for the insured, and any fair interpretation of the policy that will give indemnity must be adopted and every ambiguity must be resolved in favor of the insured. The terms of the policy are to be understood in their plain, ordinary and popular sense, unless by usage they have acquired a peculiar sense different from the popular sense, the central idea being to arrive at the intention of the parties.

Applying these rules to the interpretation of the words, "If with the knowledge of the insured, foreclosure proceedings be commenced," we arrive at the conclusion that the words are capable of two constructions, the one which the ordinary mind would naturally place upon them and the other a technical one which could only arise from a knowledge of the different rules as to the time when an action at law is commenced. The commencement of foreclosure proceedings would be held to mean, by any one not seeking for a technical sense in which the words are used, the first step, the initiatory proceedings in bringing a suit or starting an action at law. The service of a citation is not the commencement of foreclosure, or any other kind of legal or equitable proceedings in Texas, for prior to that service the petition has been filed and the citation issued and placed in the hands of an officer.

Not only is this the ordinary construction of the words "commencement of foreclosure proceedings" but the statutes of Texas declare that "all civil suits in the District and County Courts shall be commenced by petition filed in the office of the clerk of such court." Rev. Stat., art. 1177. The courts of the State have uniformly held that the filing of the petition is the commencement of a suit. Jones v. Andrews, 72 Texas, 5; Tribby v. Woke, 74 Texas, 142. When the contract of insurance was entered into the language "commencement of foreclosure proceedings" must have been used with the statutes and decisions of Texas, as to what constitutes the commencement of such proceedings, in view. In the case of Norris v. Insurance Co., 33 S. E. Rep., 566, hereinafter reverted to, the statute of South Carolina as to the commencement of suits was discussed and the court concluded: "When, therefore, parties to a contract in this State use the words 'commencement of an

action' so far as knowledge or notice of such action is concerned, we would hold that such commencement was by service upon the defendant."

It is stated in one or more of the decisions sustaining appellant's construction of the condition in the policy, that as it would usually be the case that the insured would be ignorant of the institution of foreclosure proceedings until served with summons or citation, the evident design of the condition which is to remove the temptation to burn the insured property, would be set aside and its purpose destroyed. That argument may be well founded but it should not form the basis of the construction of words in a policy and cause them to be warped and turned aside so as to give them a significance not ordinarily given them and which is directly in the face of the statute. The insurance companies selected the language of their policies and if they desired to make knowledge of foreclosure proceedings obtained at the commencement of the same or at any time thereafter cause for forfeiture of the policy they ought to have said so. A court should not read into the contract an interpretation of its terms that will deny indemnity when without straining the language selected by the insurance company, it can give to the insurer the protection he sought in obtaining the policy. In the case of Stenzel v. Ins. Co. (La.), 35 So. Rep., 271, the court, after discussing some phases of the clause in question, said: "We think that in Louisiana 'commencement of foreclosure proceedings must be held to be synonymous with 'filing of suit.'"

In the case of Bellevue Roller-Mill Co. v. Insurance Co. (Idaho), 39 Pac. Rep., 196, it was held that the suit was commenced when the complaint was filed and unless it is filed with the knowledge of the insured a forfeiture would not result.

Speaking of the condition as to knowledge of commencement of proceedings to foreclose a mortgage the Supreme Court of North Carolina said: "Admitting the validity of a provision rendering the policy void upon a contingency beyond the control of the assured, the only reasonable construction we can give to it is that it was intended to compel the assured to give notice to the company of any such proceedings or advertisement, so that the company could exercise its right to declare the policy void, and return the unearned premium, which it was required to do by the very terms of the policy." The decision is not overruled or questioned in Hayes v. Insurance Co., 44 S. E. Rep., 404, as insisted by appellant.

The point in question has been directly decided by this court in the case of North B. & M. Ins. Co. v. Freeman, 33 S. W. Rep., 1901, where the condition of the policy that if foreclosure proceedings be commenced, with the knowledge of insured, the policy should become void, was considered and it was said: "It is no concern of ours to consider the reasons the parties had for inserting the qualification. The policy is collectible, unless the insurer bring the facts of the case within the terms of the condition of which he claims the benefit. There is no evidence that the insured had any knowledge or intimation that the

suit was to be brought, unless we must imply it from the fact that he was in default with his lien creditor; and this, we hold, would not be knowledge of the latter's decision or purpose to sue."

While there is some conflict of decision on the subject, the foregoing opinion of this court is sustained not only by the authorities hereinafter reviewed, but by the invariable rules of construction laid down by all text book writers and courts of last resort.

A review of the cases cited by appellant show that there are only three that sustain its contention. In the case of Quinlan v. Insurance Co., 133 N. Y., 362, 31 N. E. Rep., 31, the question at issue was not discussed, the only reference to the clause under consideration being "Foreclosure proceedings were commenced to the knowledge of the insured before the fire." The question as to when foreclosure proceedings began was not raised. Neither is the question raised or discussed in the case of Merchants Ins. Co. v. Brown, 25 Atl. Rep., 992.

The case of Moore v. Insurance Co. (N. Y.), 36 N. E. Rep., 191, is not in point. It was merely held that verbal consent by the agent of the insurance company to the commencement of foreclosure proceedings did not waive the condition under discussion.

In the case of McKinney v. Insurance Co. (Ky.), 30 S. W. Rep., 1004, the only question decided is that where a mortgage was given by the insured with the consent of the insurance company and there was endorsed on the policy loss, if any, payable to the mortgagee as his interest might appear, and the mortgage was foreclosed, the property sold and a deed made to the mortgagee, that said sale ended the right of both mortgagor and mortgagee to recover under the policy.

In the case of Hartford F. Ins. Co. v. Clayton, 17 Texas Civ. App., 644; 43 S. W. Rep., 910, it was held that the condition as to the commencement of foreclosure proceedings with the knowledge of the insured was a valid and binding clause, and that the clause is not waived by the fact that the insurance company knew of the existence at the time of the issuance of the policy. The question involved in this case was not adverted to in any manner.

The case of Springfield Steam Laundry v. Trader Ins. Co. (Mo.), 52 S. W. Rep., 238, is one in which the question at issue was not touched upon, the only points decided being, that a sale by a trustee in a mortgage comes within the purview of the condition and that the general agent of the insurance company has the authority to waive the condition.

The decision in the case of Norris v. Hartford Ins. Co. (S. C.), 33 S. E. Rep., 566, holds that the commencement of a suit is when the summons is served, because the statute of South Carolina declares that "an action is commenced as to each defendant when the summons is served on him, etc." It is an authority against, rather than in favor, of the position of appellant. The case of Hayes v. Insurance Co. (N. C.), 44 S. W. Rep., 404, is not an authority on the question under discussion in this case. The matter is not noticed.

The other cases cited by appellant, Schroeder v. Ins. Co. (Cal.), 63 Pac. Rep., 1074, and Findlay v. Union Mut. Fire Ins. Co. (Vt.), 52

Atl. Rep., 429, sustain the contention of appellant that the knowledge of the suit referred to in the policy is that given by the service of the summons or citation on the insured.   The only other authority that favors the position of appellant, coming to our knowledge, is the decision of a United States Circuit Judge in the State of Kansas (Ins. Co. v. Greek, 61 Law Rep. Ann., 137), who seems to ignore the rule that the language of insurance policies being the language of insurance companies must be strictly construed, but assumes that the language is too plain to require construction.   The very fact that respectable courts have differed in their construction of the language under consideration is sufficient evidence to every court with a proper sense of the respect due to the decisions of the courts of the different states of the Union, that there is room for doubt as to the proper construction to be placed upon the language whose construction forms the issue in this case.

Even in the very state in which the federal judge was sitting when the above cited decision was rendered, the Court of Appeals held that the policy was not forfeited by the recovery of a judgment in invitum against the insured during the life of the policy, and prior to the destruction of the property insured.   The court said:   "The record shows, also, that the judgment was procured in invitum, and it is urged by counsel for defendant in error that the provisions in question relate only to voluntary acts of the insured.   An insurance company has a right to impose terms and conditions under which it will issue its policies, and if such terms are not illegal or contrary to public policy, and are expressed clearly and definitely so as to be easily comprehended by a person of ordinary understanding, there is, in principle, no reason why they should not be upheld.   But such provisions must be clothed in language so plain and clear that the insured can not be mistaken or misled as to the burdens and duties thereby imposed upon him.   The insurer, being the party who draws the contract, must see to it that all conditions are plain, easily understood and free from ambiguity.   We see no reason why a provision that a policy should be rendered void by a judgment in invitum should not be upheld, provided such provision was so clearly expressed that no other construction, could be placed upon it.   Keeping in view the principles set out, let us examine the provisions in question.   The only part of paragraph 1 that has any bearing upon the case is embraced in the following language:   . . . "or upon the commencement of foreclosure proceedings against,   . . . or the existence of a foreclosure lien upon,   . . .   without written notice to and the consent of the company endorsed hereon, this policy shall, in each and every instance, be void."   This language we take to be tantamount to a provision that before the commencement of the foreclosure proceedings, or before the attaching of a judgment lien, notice must be given to the company, and its consent obtained; otherwise the policy shall be void.   Thus construed the policy is brought within the rule as laid down in the cases of Dover Glass-Works Co. v. American Fire Ins. Co. (Del. Err. & App.), 29 Atl. Rep. 1039, and Gerling v. Agricultural Ins. Co. (W. Va.), 20 S. E. Rep., 691, in which it was held that similar provisions had reference only to judgments confessed and

other voluntary incumbrances." Phoenix Ins. Co. v. Smith, 61 Pac. Rep., 501. The authorities cited in the opinion sustain it, and while it is not incumbent on this court to fully endorse the decision in all of its bearings, it can be said that there is much force in it, and it shows that there is room for doubt as to the construction that should be placed upon the clause of insurance policies referring to knowledge of the commencement of foreclosure proceedings.

Having sustained the judgment of the lower court on the ground that Davis did not know of the commencement of the foreclosure proceedings, it is not necessary to discuss the other question raised by the record.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.