PHILADELPHIA UNDERWRITERS' AGENCY OF THE FIRE ASS'N OF PHILADELPHIA v. NEURENBERG.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 20, 1912. Rehearing Denied Feb. 23, 1912.)

1. INSURANCE (§ 146*)—POLICY—CONSTRUC-TION—FORFEITURE.

An insurance policy will be liberally construed in favor of the insured so as not to work a forfeiture, unless the case is clearly within the conditions expressed in the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 294–298; Dec. Dig. § 146.*]

2. INSURANCE (§ 646*)—POLICY—FORFEITURE —FORECLOSURE PROCEEDINGS—KNOWLEDGE OF INSURED—PROOF.

Where, in an action on a fire policy, the insurer claimed a forfeiture by violation of a clause stipulating that the policy should be void if, with the knowledge of the insured, foreclosure proceedings were commenced against any of the property covered, the burden upon the company to show that foreclosure proceedings were commenced with the knowledge of the insured was not discharged by proof that the insured filed a waiver of service in such proceedings.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1645–1668; Dec. Dig. § 646.*]

3. PROCESS (§ 67*) — WAIVER OF SERVICE — PRESUMPTION.

In view of Sayles' Ann. Civ. St. 1897, art. 1349, providing that a waiver of service cannot be made until after suit is brought, it will be presumed, as to a case where service was waived and judgment rendered, that the waiver was executed after suit was instituted by filing the petition.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 54, 161; Dec. Dig. § 67.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by W. S. Neurenberg against Philadelphia Underwriters' Agency of the Fire Association of Philadelphia. From judgment for plaintiff, defendant appeals. Affirmed.

Crane & Crane, for appellant. Wray & Mayer, for appellee.

DUNKLIN, J. W. S. Neurenberg recovered a judgment against the appellant for the face value of a fire insurance policy issued by the appellant, who was defendant below, in the favor of the Ft. Worth Fair Association, a private corporation, covering certain buildings owned by the beneficiary named in the policy. Prior to the issuance of the policy, the Ft. Worth Fair Association had executed a deed of trust on the property insured in favor of O. R. Menefee, reciting that Menefee had furnished certain materials that were used in the construction of the buildings insured, contracting that a furnisher's lien was given upon the property to secure said lien and appointing Morgan Bryan trustee with power to sell the property and apply the proceeds to the payment of the debt in the event of default in the payment of the debt to Menefee. The indebtedness for which this lien was executed, together with the lien, was transferred to W. S. Neurenberg, the plaintiff. The policy was dated December 7, 1908, and by its terms was to continue in full force and effect until the 7th day of December, 1909. The property covered by the policy was destroyed by fire July 12, 1909. In his petition plaintiff alleged that at the date of the issuance of the policy appellant's agent, who issued and delivered the same, was notified by Menefee of the latter's lien upon the property, and was requested that, in writing the policy, provision should be made for the payment of the policy to Menefee as such lienholder, and that the agent agreed and promised to comply with this request. Plaintiff further alleged that during the life of the policy, and after Menefee had transferred the indebtedness and the contract lien given to secure it to the plaintiff, Neurenberg, the attorney and agent of the latter, notified appellant's agent and representative of such transfer and requested appellant's agent to make such entries upon the policy and upon the register, books, and papers of the defendant as would make the proceeds of the policy payable to the plaintiff for the use and benefit of Menefee in the event the buildings should be destroyed by fire, and that such agent promised to comply with that request. It was further alleged that Menefee relied upon the promises made by appellant's agent above recited and did not know until after the property was destroyed by fire that appellant's agent had failed to indorse upon the policy the promised loss clause, in favor of Menefee. Upon the trial, evidence was introduced to sustain all of the allegations recited above. On June 21, 1909, W. S. Neurenberg instituted a suit against the Ft. Worth Fair Association to recover the amount of the debt owing to O. R. Menefee for the materials furnished by him and used in the construction of the buildings insured, and for foreclosure of the lien given to secure the indebtedness, alleging the transfer of such indebtedness and lien by Menefee to him (Neurenberg), and on July 5, 1909, a judgment was rendered in favor of Neurenberg against the Ft. Worth Fair Association for the relief prayed for in his petition. The policy contained, among others, the following stipulation: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, * * * if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." Among other defenses, defendant pleaded the stipulation contained in the policy quoted above, and further alleged that Neurenberg had instituted the suit to foreclose the lien, and that the foreclosure proceedings "were commenced with the knowl-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

edge of the said Ft. Worth Fair Association, for defendant says that the said Ft. Worth Fair Association filed an answer in said cause wherein it accepted service of citation and agreed that said case might be called for trial at any time," and that thereby the policy became null and void. This defense is the only one presented in appellant's brief as a basis for the two assignments of error urged.

Appellant insists that the proof showed without controversy that the foreclosure proceedings were instituted with the knowledge of the insured, and that, in the absence of any agreement by the appellant indorsed upon the policy waiving the stipulation in the policy quoted, the court erred in refusing to give to the jury the peremptory instruction in favor of appellant which was requested by it, and that for the same reason the verdict of the jury was contrary to the law and the evidence. The only proof offered upon the trial to show that the foreclosure proceedings were commenced with the knowledge of the Ft. Worth Fair Association consisted of a recital in the judgment rendered in that suit and reading: "The court finds, first, that defendant waived service by filing written waiver."

[1] It is well settled by the authorities that an insurance policy must be liberally construed in favor of the insured, as the law does not favor a forfeiture unless the facts bring the case clearly within the terms of the condition expressed in the policy. Brown v. Palatine Ins. Co., 89 Tex. 590, 35 S. W. 1060; May on Insurance, § 175. In the case of London & L. Fire Ins. Co. of Liverpool, Eng., v. Davis, 37 Tex. Civ. App. 348, 84 S. W. 260, the policy sued on contained the same stipulation as the one quoted above. In that case, as in this, suit was instituted against the insured prior to the destruction of the property by fire, in the district court, to foreclose a mortgage lien upon the property covered by the policy; but the insured had no knowledge of the commencement of the suit by the mortgagees until he was served with citation therein. The case last cited was decided by our Court of Civil Appeals for the Fourth District, and it was held that as the filing of a petition in a suit is the commencement of the suit, and citation cannot be issued and served until after the suit is thus commenced, proof of service of citation was not sufficient to show that the foreclosure proceedings were commenced with the knowledge of the insured; and a judgment rendered in favor of the insured was affirmed. A writ of error prosecuted from that judgment was denied by our Supreme Court; the latter court thus sustaining that interpretation of the stipulation in the policy. Absence of proof showing affirmatively that, prior to filing of the waiver of service of citation, the Ft. Worth Fair Association had no knowledge of the institution of the foreclosure proceedings by Neurenberg, and a waiver of service instead of actual service of citation, are the only features of difference between this case and that of Insurance Co. v. Davis; and this does not render the decision in the latter case any the less controlling in the decision of the question now under discussion.

[2] It was incumbent upon the appellant, in order to sustain the defense of forfeiture of the policy, to show that the foreclosure proceedings were commenced with the knowledge of the Ft. Worth Fair Association as pleaded by it, and this burden was not discharged by proof that the defendant in the foreclosure proceedings filed a written waiver of service. Indeed, as shown by the language quoted above from defendant's special plea urging this defense, acceptance of service of citation by the Fair Association in the foreclosure suit was expressly alleged as the only evidence relied on to show that the policy had become void under the foregoing stipulation contained in the policy.

[3] Sayles' Texas Civil Statutes 1897, art. 1349, provides that an acceptance or waiver of service cannot be made until after suit is brought, and it must be presumed that the judgment of foreclosure against the Ft. Worth Fair Association would not have been rendered unless the waiver of service had been executed after the suit was instituted.

We have found no error in the record, and the judgment of the trial court is affirmed.