MRS. MATILDA DUMPHY V. COMMERCIAL UNION ASSURANCE
COMPANY, LIMITED, OF LONDON.

No. 2382. Decided March 31, 1915.

**1.—Insurance—Forfeiture—Construction.**

Conditions of forfeiture contained in an insurance policy must be strictly construed against the insurer.   (P. 111.)

**2.—Same—Sale of Property—Assignment of Policy—Case Stated.**

Insured, having sold the property reserving a vendor's lien for purchase money, assigned the policy to the vendee by consent of the insurer, who attached a rider making loss payable to the assignor as her interest might appear.   A printed clause of the policy avoided it in case "the insured" procured other insurance, and the assignee (the vendee) did so without the knowledge of the vendor. Another clause of the policy provided that in case any interest in the policy as mortgagee or otherwise was acquired by another with insurer's consent "the conditions hereinbefore contained shall apply in the manner expressed in such

provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto." Held that:

(1)   The forfeiture clause contained in the policy did not apply to the rights of the lien holding assignor, because not written upon, attached, or appended to it.

(2)   The act of the vendee in procuring additional insurance could not avoid the rights secured by the rider to the vendor who had no knowledge of its procurement. (Pp. 110, 111.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Bowie County.

Mrs. Dumphy sued the insurance company, and, on the affirmance, on her appeal, of a judgment in favor of defendant, obtained writ of error from the Supreme Court.

*Webber & Webber* and *Rodgers & Dorough,* for plaintiff in error.— The policy sued on was originally issued to and paid for by appellant, Matilda Dumphy, and subsequently transferred to Susan C. Hunter, by appellant, Matilda Dumphy, with the consent of appellee, and by the terms of the policy, the provisions authorizing a forfeiture do not extend to appellants.

None of the conditions of forfeiture contained in the body of the policy were "written upon, attached or appended" to the mortgage clause, under which this suit is brought, and, hence, the court erred in holding that the acts of Harry L. Hunter affected and forfeited the rights of appellants. Senor v. Western Millers' M. Ins. Co., 181 Mo., 104, 79 S. W. 687; Edge v. St. P., F. & M. Ins. Co., 20 S. D., 190, 105 N. W., 281; Oakland H. Ins. Co. v. Bank of Commerce, 47 Neb., 717, 66 N. W., 646; Queen Ins. Co. v. Dearborn, etc., Assn., 175 Ill., 115, 75 Ill. App., 371; Boyd v. Thuringia Ins. Co., 25 Wash., 447, 65 Pac., 785; East v. New Orleans Ins. Assn., 76 Miss., 697, 26 So., 691; Christenson v. Fidelity Ins. Co., 117 Iowa, 77, 90 N. W., 495; Henton v. F. & M. Ins. Co., 1 Neb., 425, 95 N. W., 670; Northern Ass. Co. v. Chicago, etc., Assn., 64 N. E., 979; Cooley's Briefs on the Law of Insurance, p. 1524, and authorities cited; Mutual F. Ins. Co. v. Alvord, 9 C. C. A., 623, 61 Fed., 752; Bank & B. Assn. v. Charter, etc., Co., 31 Conn., 517; Cooley's Briefs on the Law of Insurance, vol. 2, p. 1850, and authorities cited under sec. 1, p. 1849, on the converse of the proposition announced above.

*Wm. Thompson* and *Geo. S. Wright,* for defendants in error.—The transfer or assignment of the policy from Mrs. Dumphy to Susan C. Hunter made a new contract, with Susan C. Hunter as the assured and the company as the insurer. Home Mut. Ins. Co. v. Nichols (Texas Civ.), 72 S. W., 440; Re Hamilton, 102 Fed., 683; North B. & M. Ins. Co. v. Gunter, 12 Texas Civ. App., 598, 35 S. W., 715; Manchester Assur. Co. v. Glenn, 13 Ind. App., 365, 40 N. W., 926; Bulman v. North British Ins. Co., 159 Mass., 118, 34 N. E., 169; Rines v. German Ins. Co., 78 Minn., 46, 80 N. W., 839; Bonerfant v. Amer. Ins. Co., 76 Mich., 653, 43 N. W., 682.

Where a fire policy provides that its conditions shall apply to the interest of a mortgagee in the manner expressed in the provision relating to such interest as is attached or appended to the policy, and the provision so attached says that the mortgagee shall be paid what is proven to be due the assured under the policy, the mortgagee recovers the rights of the assured and only when the latter can recover.   Hamburg-Bremen F. Ins. Co. v. Ruddell, 37 Texas Civ. App., 30, 82 S. W., 826; Swenson v. Sun Fire Office, 68 Texas, 461; German Ins. Co. v. Gibbs, Wilson & Co., 42 Texas Civ. App., 407, 92 S. W., 1074; Franklin Ins. Co. v. Wolf, 23 Ind. App., 549, 54 N. E., 772; Delaware Ins. Co. v. Greer, 120 Fed., 916, 57 C. C. A., 188; Brecht v. Law Union & Crown Ins. Co., 160 Fed., 399; Vancouver Natl. Bk. v. Law U. & C. Ins. Co., 153 Fed., 440; Atlas Reduction Co. v. New Zealand Ins. Co., 138 Fed., 497; Collinsville Savings Society v. Boston Ins. Co., 77 Conn., 676, 60 Atl., 648; Clement on Fire Insurance, vol. 2, p. 3137; Richards on Insurance Law in All of Its Branches, 1909 edition, pp. 393-395; Vance on Insurance (1904), p. 420; Elliott on Insurance (1902), sec. 341; Cooley's Briefs of the Law of Insurance, 1521-1523; Monroe Bldg. & L. Co. v. L. & L. Ins. Co., 50 La. Ann., 1243, 24 So., 238; Franklin Savings Institution v. Ins. Co., 119 Mass., 240; Jaskulski v. Citizens Mut. Fire Ins. Co., 131 Mich., 603, 92 N. W., 98; Antes v. State Ins. Co., 61 Neb., 55, 84 N. W., 412; Lewis v. Guardian Fire Ins. Co., 93 App. Div., 157, 87 N. Y. Supp., 525, 74 N. E., 224, 181 N. Y., 392; Rosenstein v. Traders Ins. Co., 79 N. Y. Supp., 736; Hocking v. Virginia Fire Ins. Co., 99 Tenn., 729, 42 S. W., 451, 39 L. R. A., 148; Keith v. Royal Ins. Co., 117 Wis., 531, 94 N. W., 295; Woodard v. German Am. Ins. Co., 128 Wis., 1, 106 N. W., 681; Roper v. National Fire Ins. Co., 76 S. E., 869; Cooley on Insurance, pp. 1227, 1520; Flanders on Fire Insurance, p. 441.

The clause, "any loss that may be ascertained and proven due the assured under this policy shall be held payable Mrs. Dumphy as interest may appear," means that Mrs. Dumphy is the mere appointee to receive any fund that might be due the assured and all the conditions of the policy apply to her interest.   Scania Ins. Co. v. Johnson, 22 Colo., 476, 45 Pac., 431; Holbrook v. Baloise Ins. Co., 117 Calif., 561, 49 Pac., 555; Monroe Bldg. & Loan Assn. v. L. & L. & G. Ins. Co., 50 La. Ann., 1243, 24 So., 238; Agricultural Ins. Co. v. Hamilton, 82 Md., 88, 33 Atl., 429, 30 L. R. A., 633, 51 Am. St., 457; Sun Ins. Co. v. Greenville Bldg. & Loan Assn., 58 N. J. L., 367, 33 Atl., 962; Hocking v. Vir. F. & M. Ins. Co., 99 Tenn., 629, 42 S. W., 451; Richmond v. Phenix Ins. Co., 88 Me., 105, 33 Atl., 786; Williamson v. Mich. F. & M. Ins. Co., 86 Wis., 393, 57 N. W., 46; Keith v. Royal Ins. Co., 117 Wis., 531, 94 N. W., 297; Moore v. Hanover Ins. Co., 141 N. Y., 219, 36 N. E., 191; Jaskulski v. Citizens Mutual F. Ins. Co., 131 Mich., 603, 92 N. W., 98; Cloud Co. Bank, etc., v. German Ins. Co., 49 Pac., 688; Breehear v. Rockingham Ins. Co., 71 N. H., 445, 52 Atl., 860; Fogg v. Middlesex Mutual F. Ins. Co., 10 Cush. (Mass.), 337; Martin v. Franklin Fire Ins. Co., 38 N. J. Law, 140, 20 Am. Rep., 372; Grosvenor v. Atlantic

Fire Ins. Co., 17 N. Y., 391; Loring v. Manufacturers Ins. Co., 8 Gray (Mass.), 28; Bates v. Equitable Ins. Co., 10 Wall., 33, 19 L. Ed., 882.

Under the New York standard mortgage clause, which was not used in this case, the acts of the assured do not affect the right of the mortgagee to recover. Magoun v. Fireman's Fund Ins. Co., 86 Minn., 486, 91 N. W., 5; National Bank v. Union Ins. Co., 88 Calif., 497, 26 Pac., 509; Syndicate Ins. Co. v. Bohn, 12 C. C. A., 531, 65 Fed., 165.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The statement of facts of this case we copy from the opinion of the Court of Civil Appeals, as follows:

"December 26, 1906, appellee issued its policy for $2000, insuring Mrs. Dumphy during a period of five years from that date against loss by fire of a dwelling house owned by her. Afterwards Mrs. Dumphy sold the property so insured to one Hunter for $3500. Of this sum $1000 was then paid by Hunter, and the remainder was covered by his promissory notes in favor of Mrs. Dumphy. December 19, 1907, by a writing on the policy, appellee consenting, Mrs. Dumphy assigned her interest therein as owner of the property to Hunter's wife, to whom, it seems, the conveyance of the property from Mrs. Dumphy had been made. On the same day (December 19, 1907) appellee attached to the policy a rider as follows: "Any loss that may be ascertained and proven to be due the assured under this policy shall be held payable to Mrs. Matilda Dumphy as interest may appear." February 20, 1909, Hunter, without the consent or knowledge of either appellee or of Mrs. Dumphy, procured the issuance by another company of another policy, insuring the property in the further sum of $500, payable to Mrs. Dumphy as her interest appeared. May 22, 1909, the property was destroyed by fire. The notes made by Hunter to Mrs. Dumphy being unpaid, she, joined by her husband and the Hunters, sought by the suit they instituted against appellee a recovery of the amount of the policy it had issued. The Hunters afterwards took a non-suit, and the action was prosecuted by Mrs. Dumphy and her husband alone. The appeal is from a judgment in appellee's favor, rendered on a verdict instructed by the trial court.

By their assignments appellants complain of the action of the court in refusing to instruct a verdict in their favor and in instructing a verdict in favor of appellee.

The policy contained these stipulations:

"This entire policy, unless otherwise provided by agreement hereon or added hereto, shall be void if *the insured* now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any other person or corporation having an interest in the subject of insurance other than the interest of the insured as described therein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and

conditions of insurance relating to such interest as shall be written upon, attached or appended hereto."

There are two questions in this case, either one of which is sufficient, in the judgment of the writer, to reverse the judgment of the Court of Civil Appeals.

First.   The procurement of the subsequent policy of insurance under the conditions stated by Hunter without the knowledge or consent of Mrs. Dumphy, did not have the effect to destroy her rights in the policy.

Second.   Mrs. Dumphy's rights in the policy were created by the rider, and were exempted from forfeiture by the terms of the policy, because the conditions of forfeiture expressed in the policy were not "written upon, attached or appended to the policy."

There is some conflict of authority upon the question as to the construction of the policy in this case, and upon which the Court of Civil Appeals has chosen to rest its opinion with that construction which is favorable to the insurance company and against the insured.

We think that it is well established, especially by the decisions of this court, that the conditions of forfeiture contained in an insurance policy must be strictly construed as against the company.   British-American Assurance Co. v. Miller, 91 Texas, 419, 39 L. R. A., 545, 66 Am. St., 901, 44 S. W., 60; East Texas Fire Ins. Co. v. Kempner, 87 Texas, 229, 47 Am. St., 99, 27 S. W., 122; 19 Cyc., p. 656, sec. 3, and note.

Following this rule, the construction of the policy and rider in this case would be that Mrs. Dumphy is not affected by those conditions of forfeiture in the policy which are not reiterated, referred to or endorsed upon or in anywise made a part of the policy.

The procurement by Hunter of the policy of $500, payable to Mrs. Dumphy, without her consent, could not in any reasonable construction of the statute or of law make a forfeiture for her, since she had no part nor lot in the making of the contract, and knew nothing of it.   It can in no sense whatever be construed as her act, nor is it the act of the owner of the property or the payee in the original policy, and Hunter was not a payee and had no interest except as husband to the payee in the original policy.

We, therefore, conclude that the trial court committed error in instructing the jury to find for the insurance company, and the Court of Civil Appeals also erred in affirming that judgment, for the reasons herein given, which are too plain, as we regard it, to admit of argument. It is, therefore, ordered that the judgments of the Court of Civil Appeals and the District Court be reversed, and the cause remanded to the District Court for further trial.