## PHILADELPHIA UNDERWRITERS' AGENCY OF FIRE ASS'N OF PHILADELPHIA v. MOORE.   (No. 184–3221.)

(Commission of Appeals of Texas, Section A. March 23, 1921.)

1. **Insurance** ⊙⟲328(8)—**Placing deed in escrow not change in interest of insured under fire policy.**

Change of interest of insured within a provision avoiding a fire policy therefor did not result from the execution of a deed and placing it in escrow with a bank, where the condition on which its delivery was to be made was unfilled, and the deed was not delivered by the bank at the time of the fire.

2. **Insurance** ⊙⟲146(3)—**Construction against forfeiture.**

Provisions of forfeiture in fire policies will be construed with strictness, and clear and unambiguous language and acts plainly within such language are necessary before a forfeiture is enforced.

3. **Insurance** ⊙⟲328(14) — **Foreclosure when "commenced with knowledge of insured."**

A proceeding commenced with "knowledge of insured" within provision of fire policy, providing that it should be void if with knowledge of the insured foreclosure proceedings be commenced, etc., means foreclosure commenced with insured's knowledge, and not a foreclosure of which he gains knowledge after it is filed, but knowledge of immediate purpose to file is tantamount to knowledge of commencement.

4. **Insurance** ⊙⟲328(14)—**Opinion that foreclosure suit would be filed not knowledge thereof under fire policy.**

The fact that insured had an opinion that one holding a lien against the insured property would file foreclosure suit against him if he did not meet his obligation did not render filing of suit a commencement of the foreclosure with knowledge of insured, within a provision avoiding the policy in that event.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by H. E. Moore against the Philadelphia Underwriters' Agency of Fire Association of Philadelphia. From a judgment of the Court of Civil Appeals (202 S. W. 990), affirming a judgment for plaintiff, defendant brings error. Affirmed.

---

Locke & Locke, of Dallas, for plaintiff in error.

McClellan & McClellan, of Gatesville, for defendant in error.

TAYLOR, P. J. Suit was brought by H. E. Moore, defendant in error, against the Philadelphia Underwriters' Agency of Fire Association of Philadelphia, plaintiff in error, on a Texas standard form fire policy issued by the association to W. E. Tyre, covering a dwelling house in Gatesville, Tex. The association defended on the ground that provisions of the policy had been breached. Judgment was for defendant in error, which was affirmed by the Court of Civil Appeals. 202 S. W. 990.

Defendant in error was the holder of a second lien on the property covered by the policy. Recovery was sought under the usual loss payable clause. Tyre was made a defendant in the suit in order that defendant in error's right to the policy as against him might be determined.

On December 22, 1915, suit was filed by Moore, seeking foreclosure of his lien on the property, against Tyre, upon whom citation in the cause was served the next day. On January 11th following, and prior to the fire, which occurred February 21, 1916, a decree of foreclosure was entered as sought.

Following the institution of foreclosure proceedings negotiations were had between defendant in error and Tyre looking to a settlement. About 20 days before the fire Tyre executed and placed in escrow a deed, reciting conveyance of the property to Moore in consideration of the cancellation of the judgment in the foreclosure suit, to be delivered to Moore under the terms of the escrow agreement.

The first clause of the policy alleged to have been breached is the following:

"The entire policy * * * shall be void * * * if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, * * * or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise."

After the deed had been placed in escrow, and prior to the time when the deed was to be delivered to Moore under the escrow agreement, the fire occurred which destroyed the property.

[1] The first defense urged by plaintiff in error is that such change occurred in the interest of the insured in the property as to forfeit the policy under the provision quoted above. The defense is without merit, in view of the holding of the Supreme Court in the case of Insurance Company of North America v. O'Bannon, 109 Tex. 281, 206 S. W. 814, 1

A. L. R. 1407, in an opinion by Judge Greenwood, affirming the judgment rendered by the Court of Civil Appeals.

The main defense urged by the association was predicated upon the following clause of the policy:

"This entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto, shall be void * * * if with knowledge of the insured, foreclosure proceedings be commenced," etc.

Tyre testified that some time before the filing of the foreclosure proceedings he had a conversation with Moore, in which Moore advised him that one of the notes would soon be due, and, further that—

"If I did not get busy he was going to foreclose on me, and that if I did not get busy he would have to get busy himself."

The effect of his other testimony along this line is that it was his opinion that Moore was not going to give him an extension of the time of payment, and was going to file suit against him.

The Court of Civil Appeals, following the holding in Insurance Co. v. Davis, 37 Tex. Civ. App. 348, 84 S. W. 260, in which writ of error was refused by the Supreme Court, held that foreclosure proceedings against Tyre were not commenced within his knowledge, and that there was therefore no forfeiture of the policy under the clause quoted. Whether this holding was error is the question for determination, and requires a construction of the forfeiture clause invoked.

[2] The Supreme Court and other courts of the state have not been reluctant to view that rule of the law which construes provisions of forfeiture with strictness, and which requires clear and unambiguous language, and acts plainly within such language, before a forfeiture is enforced, as wise and just. The rule of strict construction against the insurer and in favor of the insured, especially where a question of forfeiture is involved, has been consistently followed by the Supreme Court. Bills v. Hibernia Insurance Co., 87 Tex. 547, 29 S. W. 1063, 29 L. R. A. 706, 47 Am. St. Rep. 121; Brown v. Palatine Insurance Co., 89 Tex. 590, 35 S. W. 1060; Dumphy v. Commercial Union Assocation, 107 Tex. 107, 174 S. W. 814; Insurance Co. of North America v. O'Bannon, supra.

The extent to which the rule should be applied may be gathered from the following language in Brown v. Palatine Insurance Co., supra:

"Forfeitures are not favored by the law, and, if the language used is fairly susceptible of an interpretation which will prevent a forfeiture, it will be so construed"

—or from the concrete statement in Hampton v. Hartford Fire Insurance Company, 65 N. J. Law, 267, 47 Atl. 434, 52 L. R. A. 344, as follows:

"The court will never seek for a construction of a forfeiture clause of a policy which will sustain it, if one which will defeat it is reasonably deducible from the terms or words used to express it."

The clause under consideration has been given various constructions. Its effect is not, as we view it, to avoid the policy whenever the insured has knowledge of the proceedings, and fails to obtain the consent of the insurer thereto, as is held in Schroeder v. Insurance Co., 132 Cal. 18, 63 Pac. 1074, 84 Am. St. Rep. 17. This construction imports into the policy, without warrant in the language for so doing, the matter of securing the insurer's consent to the institution of the proceedings. Nor is it our view that the effect of the language is to limit the proceedings resulting in a forfeiture to those of which the insured has knowledge at the identical moment of their commencement, as stated in Quinlan v. Insurance Co., 133 N. Y. 356, 31 N. E. 31, 28 Am. St. Rep. 645, and other authorities. Such an interpretation appears to us as literalistic to the extent of being unreasonable. It is contrary to our view also that the effect of the clause is to avoid the policy, "if the foreclosure proceedings are instituted, and that fact becomes known to the insured at any time before the fire occurs," as the court expressed it in Delaware Insurance Co. v. Greer, 120 Fed. 916, 57 C. C. A. 188, 61 L. R. A. 137. The language is that the proceedings must be commenced with the knowledge of the insured; not that knowledge of its pendency shall suffice. The clause does not necessarily mean that the policy should be void if the insured learn of the institution of the proceeding at any time after it be commenced, though he have no knowledge of its commencement, or contemplated institution. Instances might arise where a man is sued in foreclosure proceedings entirely without his knowledge at the time, where he had no intimation that he was to be sued, and where he had not justly subjected himself to suit. In the absence of a provision plainly so stating, it would be a harsh rule to avoid a policy where the insured has no knowledge whatever of the commencement of the proceeding, and hence may not be in a position to prevent its institution, but only learns of the proceedings afterwards. The use of the word "commence" in contradistinction to a number of other words that could easily have been adopted, if a different meaning were intended, is not without significance.

[3] The meaning of the clause invoked is not clear. The ambiguity becomes apparent when it is sought to apply it to the facts for the purpose of determining when foreclosure proceedings are commenced "with knowledge of the insured." The variant construction of the clause by the courts pointed out above is not inconsistent with this conclusion.

As a matter of logic, it is difficult to refute the position that a proceeding of which one gains knowledge only after its institution is not one commenced with his knowledge. As stated in the Schroeder Case, supra, "It would be a solecism to speak of the insured having 'knowledge' of proceedings yet to take place," but, as the court further observed, "It is equally unreasonable to assume that the parties intended by this clause to limit the provision avoiding the policy to proceedings of which the insured has knowledge at the identical moment of their commencement."

The policy should not be avoided if the language of the clause be of doubtful meaning and fairly susceptible of an interpretation which will uphold the policy. The words used are susceptible of the meaning that to render the policy void the insured must know of the commencement of the proceedings—that is, be aware of its filing at the time it is filed, or of an immediate purpose to file it—which would be tantamount to knowledge of its commencement. This meaning is reasonably deducible from the language. The conclusion reached is in harmony with the former holdings of our courts.

In Insurance Co. v. Freeman, 33 S. W. 1091, decided by the Court of Civil Appeals for the Fourth District, the provision under consideration was construed. In that case it appeared that the insured had no knowledge of the commencement of foreclosure proceedings until the service of citation upon him. Therein the court say:

"There is no evidence that the insured had any knowledge or intimation that the suit was to be brought, unless we must imply it from the fact that he was in default with his lien creditor; and this, we hold, would not be knowledge of the latter's decision or purpose to sue."

In Insurance Co. v. Davis, 37 Tex. Civ. App. 348, 84 S. W. 260, the Court of Civil Appeals for the Fourth District again construed the provision in question. In that case, suit against the insured to foreclose a mortgage was filed on December 27, 1902. The insured "did not know of the filing of the suit by the mortgagees until he was served with citation therein on the 30th day of December, 1902." Thereafter, and while the foreclosure proceedings were pending, the property covered by the policy was totally destroyed by fire. Judge Fly, who spoke for the court, reviewed the authorities at length in an unusually well-considered opinion. The court quoted from its opinion in the Freeman Case the excerpt set out above, and expressed the view that the holding in that opinion was sustained by the better reasoning and authorities. Based upon the conclusion reached, the insurer was held to be without knowledge of the commencement of the proceedings.

Notwithstanding the construction of the clause in the Freeman and Davis Cases, supra, insurance companies continued to write policies embodying the clause in the same language; and should be held to have done

so with the adopted construction given in the Freeman Case, which became a final adjudication through a denial of the application for the writ. 1 Joyce on Insurance (2d Ed.) § 209a.

[4] Defendant in error had no knowledge of the institution of the foreclosure proceeding; nor did he have knowledge that it certainly would be instituted. His testimony amounts to no more than the expression of an opinion by him that it might be instituted, and cannot be said to amount to knowledge of the commencement of the suit.

We concur in the holdings of the trial court and Court of Civil Appeals that the policy was not forfeited, and recommend, therefore, that the judgments of both courts be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.